# CASES AT LAW

DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY.

JUNE TERM, 1904.

---

THE STATE, DEFENDANT IN ERROR, v. GEORGE JAGGERS, PLAINTIFF IN ERROR.

Argued June 30, 1904—Decided October 7, 1904.

1. It is admissible to prove, upon the trial of an indictment, that the accused, when in custody charged. with the crime, attempted · to take his own life.

2. The review of the refusal of the court to discharge a defendant under trial upon an indictment, or to direct a verdict of not guilty at the close of the state's case, permitted and required by section 137 of the Criminal Procedure act of 1898, brings into question only whether there were then presented facts proper to be submitted to the jury in respect to the charge contained in the indictment.

3. Upon the trial of an indictment for murder, it was not error to charge the jury that willful, deliberate and premeditated killing was murder in the first degree, although no special motive for the killing was shown by the prosecution, and that the state was not otherwise required to prove motive for the killing.

---

On error to the Sussex county Oyer and Terminer.

281

For the plaintiff in error, *Theodore Simonson* and *Lewis J. Martin.*

For the defendant in error, *Henry Huston,* prosecutor of the pleas.

The opinion of the court was delivered by

MAGIE, CHANCELLOR. This writ of error was directed to the Sussex county Oyer and Terminer under the provisions of section 134 of the revised Criminal Procedure act of 1898. *Pamph. L., p.* 866. It brings into review the conviction of the plaintiff in error of the crime of murder in the first degree.

The cause has been argued as presented by bills of exception and assignment of errors, and also by a return of the entire record of the proceedings had upon the trial of plaintiff in error, and causes specified thereon, pursuant to sections 136 and 137 of the Criminal Procedure act, *ubi supra.*

The assignments of error and the causes specified present substantially the same questions, and they will be considered in the order presented by the assignments of error.

The first and second assignments of error may be considered together. They are directed to the admission of evidence alleged to justify the inference that plaintiff in error, while confined in the county jail upon the charge in the indictment, attempted to take his own life. It has always been recognized that the flight of one accused of crime, or his escape from custody under a criminal charge, may be given in evidence upon the trial of an indictment for the crime charged. Such evidence is deemed, when unexplained, to raise some presumption of guilt, akin to the presumptions deemed to arise upon the fabrication of false evidence or the suppression of true evidence. *Whart. Cr. Prac.,* § 724; *Wills Cir. Ev.,* § 78, *et seq.* The principle upon which such evidence is admitted against an accused person we deem applicable to evidence that the accused, when in custody charged with the crime, attempted to take his own life and thereby escape further prosecution. Upon this principle the evidence objected to in this case was plainly admissible.

The third assignment is based on an exception to the refusal of the trial court to discharge defendant, or to direct a verdict of not guilty, at the close of the state's evidence. This motion was addressed to the discretion of the court, and the action of the court is not reviewable on error. But we are required by the provisions of section 136 of the Criminal Procedure act of 1898 (*ubi supra*) to consider whether the plaintiff in error, who brings up the case under that section, has suffered manifest wrong or injury in the denial of any matter by the trial court, which was a matter of discretion. This question is presented by plaintiff in error among the causes specified and relied on for relief or reversal under section 137.

When this court pronounced its opinion in *Kohl* v. *State,* 30 *Vroom* 445, there was in force the act of 1894 (*Gen. Stat., p.* 1154, § 170), which required us to determine whether plaintiff in error had suffered manifest wrong and injury "upon the evidence adduced at the trial." This requirement was held to bring into review the evidence before the jury and to require reversal if that evidence would not justify their verdict.

The requirement which was operative in that case has been eliminated from section 136, above cited, and we are no longer required to review the whole evidence. The provision for review of a denial of a motion to discharge or to direct a verdict of not guilty, which is addressed to the discretion of the court, brings into review only the question whether, upon the evidence as it stood when the motion was made, there was a case for the jury. An examination of the evidence returned with this writ satisfies us that it was sufficient to justify and to require its submission to the jury. The action of the court under such circumstances did no manifest wrong or injury to plaintiff in error.

It is next urged that there was error in the charge of the trial court to the effect that the state was not required to prove motive for the killing. This is presented by an assignment of error based on a general exception to the charge and

by a cause specified under section 137 of the Criminal Procedure act.    Under either aspect the contention brings into review the pertinent context and general statements of the charge on the subject.    *State* v. *Zdanowicz,* 40 *Vroom* 619. In the immediate connection the trial judge charged that "willful, deliberate and permeditated killing, without any motive appearing at all, is murder in the first degree.    The jury does not have to find that that sort of killing was done for some purpose if they find the existence of the requisites required."    From this it is clear that the court designed to refer to some special motive other than that to be inferred from a willful and deliberate killing, when in the same connection it charged that "motive may be a circumstance giving point and direction to other circumstances but which of itself is no part of the crime."    We think there was no error in the whole instruction and that no wrong or injury was thereby done to plaintiff in error.

The remaining objections seek to bring into review the charge and the verdict as being contrary to the weight of the evidence.    The law now in force, as has been stated, does not require or permit this review.

As no error appears, and as no wrong or injury done to plaintiff in error has been manifested, the judgment below must be affirmed.

*For affirmance*—The CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, PITNEY, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY.    11.

*For reversal*—None.