THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. SALVATORE LAMBERTINO, PLAINTIFF IN ERROR.

Argued May 8, 1935—Decided August 20, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the plaintiff in error, *Joseph Varbalow*.

For the defendant in error, *Samuel P. Orlando*.

PER CURIAM.

This is a writ of error to review the conviction of one Salvatore Lambertino at the Camden Quarter Sessions on a charge of atrocious assault and battery upon Marcella Beck, now deceased.

It appears that on the evening of September 20th, 1932, Miss Beck, in company with Lambertino, Joseph Lubrano, and some others came to the house of the plaintiff in error in Camden from Philadelphia and there engaged in a party at which drinks were served. During the evening Miss Beck was assaulted and her jaw was broken in several places. Lubrano and Lambertino were arrested and indicted for rape. Lubrano pleaded guilty. Lambertino jumped bail and fled from the state. He was apprehended in St. Louis on July 14th, 1934. In the meantime Miss Beck had died. An indictment for atrocious assault and battery was then found, and it was upon this indictment that the trial below was had.

The first point argued is that the trial court should have quashed the indictment on the ground that it failed to specify the exact date of the offense, and on the further ground that it was found by the grand jury on incompetent testimony. The indictment fixed the date of the assault as "on or about the 20th day of September in the year of our Lord one thousand nine hundred and thirty-two, the exact day being to this grand inquest as yet unknown." This objection is not seriously urged in this court and we see no merit in it. The failure to charge the crime occurred before or after midnight on the night in question is not fatal.

It is urged that the indictment must have been found on testimony of the prosecutor and on hearsay evidence. No authority is cited for the proposition that a trial court may inquire into the quality of proof presented to the grand jury. The contrary seems to be the rule. *State* v. *Pick* (*Md.*), 121 *Atl. Rep.* 918; *State* v. *Walsh* (*N. H.*), 84 *Atl. Rep.* 42.

It should be noted that the objections to the indictment were not timely. They were presented after the plea was entered and no request to withdraw the plea having been made, the so-called "motion to quash" was not properly made.

The second point is that it was error to admit testimony that the plaintiff in error had fled the jurisdiction and to charge the jury that they might consider this fact. The complaint is that at the time the defendant fled he was under indictment for rape, whereas he was here being tried for assault and battery. However, we think this makes no difference. The rape with which he was charged included an assault and battery, and the defendant fled from the results of the occurrence which gave rise to both indictments. It is well settled that evidence of flight may be admitted and considered by the jury. *State* v. *Jaggers*, 71 *N. J. L.* 281; 58 *Atl. Rep.* 1014; *State* v. *Harrington*, 87 *N. J. L.* 713; 94 *Atl. Rep.* 623.

The third point is that there was error in the admission of testimony as to an alleged identification and accusation of the plaintiff in error by the assaulted girl at the time of his arrest. It appears that county detectives entered his home late in the evening and John Fitzgerald, a reporter, brought the girl to the door of the room where the detectives had Lambertino. Both Fitzgerald and chief of detectives Doran testified that Miss Beck pointed out the plaintiff in error as the one who had assaulted her. The complaint is that this testimony was not of such a character as to fulfill the requirements of the cases, such as *State* v. *Donnelly*, 26 *N. J. L.* 601; *State* v. *Rosa*, 72 *Id.* 462; 62 *Atl. Rep.* 695; *State* v. *D'Adame*, 84 *N. J. L.* 386; 86 *All. Rep.* 414, and others. The argument is that it did not appear that the defendant heard the words spoken and understood the nature of the incident. The trial judge struck out the testimony of Fitzgerald and instructed the jury to disregard it because the witness was apparently not able to say that the defendant did hear. The testimony of Chief Doran was allowed to stand, and we think rightly so, because he testified the defendant and the girl were only about six feet apart and "it was within the hearing, very easy, of him." The court told the jury it was for them to decide

whether defendant heard it or not. Under the circumstances we do not think the grounds on which this testimony was objected to were well taken, and are of opinion that there was no error in its admission and in the charge of the court on the use the jury was to make of it.

It is next argued that it was error for the trial court to permit the state to recall one of its witnesses after the defense had rested and to give evidence of new matter. This rested within the sound discretion of the court and there was no abuse of that discretion. Care was exercised to give the defendant every opportunity to meet this testimony and no unfair advantage was given the state.

It is urged that it was error to admit evidence of an admission by the plaintiff in error that he had had sexual intercourse with Miss Beck on the night of the assault. This was admitted not for the purpose of attacking the character of the accused, but because the state's theory was that the assault was committed in the effort to have intercourse. The court in his charge limited the use of the evidence by the jury to that extent, and we think there was no harmful error.

The last point argued is that the verdict was against the weight of the evidence. After a careful reading of all the proofs we are of the opinion that there was ample evidence to support the conviction.

The judgment is affirmed.