STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
RICHARD MENZEL, PLAINTIFF IN ERROR.

Submitted January 22, 1947—Decided May 1, 1947.

Before CASE, CHIEF JUSTICE, and Justices HEHER and
COLIE.

For the State of New Jersey, *Duane E. Minard, Jr.*, Prosecutor, *Richard J. Congleton* and *C. William Caruso*.

For the plaintiff in error, *Benjamin M. Ratner*.

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. The judgment under review is a conviction in the Essex County Quarter Sessions. The entire record is certified.

At about five o'clock in the morning of August 22d, 1945, two South Orange police officers, patrolling by automobile, noticed a car parked, without lights, in front of the Safeway Stores, South Orange. They saw someone run to the car and get in. The car speeded off with the officers in pursuit. Presently the pursued car blew out a tire and stopped. Two persons got out. One, Joseph McGovern, was caught. The other escaped. The officers returned to the Safeway Stores and discovered that a lock had been broken and a pair of pliers had been left jammed in the door and along the route found another burglary tool. The car was the property of Richard Menzel. A warrant issued for Menzel, but he was

not found either at home or at his place of employment or elsewhere. The police seized the car and retained possession for three months when the chattel mortgagee took over because of Menzel's failure to pay the charges accrued after August 22d. Menzel had made no application for the car either to the police or at the garage which had the physical custody of it. On August 5th, 1946, a police officer who knew Menzel and knew that there was an outstanding warrant saw Menzel going into a drug store in Boonton, New Jersey, and arrested him.

Menzel and McGovern had been indicted by an Essex County grand jury on September 3d, 1945, for breaking and entering and also for possessing burglary tools. McGovern was tried and convicted on October 16th, 1945. At his trial he testified that Menzel had committed the crime; but when called as a witness for the state at the trial of Menzel he said that he had so testified because he considered it a good "out" for himself; that the truth was that he and Menzel had been together earlier in the morning at a tavern; that McGovern had borrowed Menzel's car for the purpose of taking someone home and that Menzel was not present at, and did not participate in, the breaking and entering. Menzel did not take the stand in his own behalf and produced no witnesses. He was convicted on both indictments, tried together by consent. The meritorious question presented by the argued grounds for reversal is whether there was evidence of guilt sufficient to take the case to, or to be considered by, the jury.

The contradictory testimony by McGovern at his own trial and at Menzel's trial neutralizes itself. But there is no neutralization of his testimony given at the trial of Menzel that the latter and McGovern had been together, with the car in proximity, shortly before the crime was committed. By the testimony Menzel did, in fact, own the car and did abandon it to the police. There is further proof to sustain a finding that immediately after the commission of the crime Menzel took flight and was not apprehended for a period of approximately one year. Flight by a person charged with crime is deemed, when unexplained, to raise an inference of guilt. *State* v. *Harrington*, 87 *N. J. L.* 713, 716; *State* v. *Jaggers,*

71 *Id.* 281; *State* v. *Lambertino,* 13 *N. J. Mis. R.* 687. Menzel chose not to explain his flight or to make any defense to the indictments.

We conclude that the inference of guilt arising from the unexplained flight, added to the substantive proof, made a case for the jury. This disposes of the four argued points.

The judgment below will be affirmed.