26 N.J. Super. 185 (1953)
97 A.2d 741
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MATTHEW D'AMATO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 8, 1953.
Decided June 17, 1953.
*186 Before Judges FREUND, STANTON and FRANCIS.
Mr. Abraham J. Slurzberg argued the cause for the defendant-appellant (Messrs. Solomon & Miller, attorneys).
Mr. Cecil T. Woolsey argued the cause for the plaintiff-respondent (Mr. Frederick T. Law, Prosecutor and Mr. William A. O'Brien, Assistant Prosecutor, attorneys).
The opinion of the court was delivered by FREUND, S.J.A.D. (temporarily assigned).
The defendant, Matthew D'Amato, appeals from a judgment of conviction under an indictment in two counts charging the crime of bookmaking in violation of N.J.S. 2A:112-3.
The State's case rested upon the testimony of three witnesses, police officers of the Jersey City Police Department's gambling squad, who testified that while they were cruising in a police squad car, they saw the defendant come out of a corner grocery store. They stopped the car and one of them called to the defendant, but he ran away. Two officers got out of the car and caught the defendant less than half a block away. The defendant had in his possession evidence of bookmaking. At the conclusion of the State's case, the defendant rested without submitting any proofs.
On appeal, the defendant alleges, inter alia, that irrelevant testimony was admitted that D'Amato had previously been tried, and that the court did not properly charge the jury on the question of flight.
On cross-examination, Officer Geraghty testified as follows:
"Q. When was the last time that you testified as a so-called expert? A. It may have been his last trial. I'm not sure.
Q. What's that? A. It may have been in D'Amato's last case."
*187 While the question was asked by the defendant's own counsel, the answer given was certainly not responsive to the question and could not have been anticipated. The defendant's counsel moved for a mistrial, which the court denied, and the trial proceeded over his objection.
The appellant argues that the quoted testimony as to a previous trial of D'Amato tended to discredit him in the minds of the jury and was inadmissible evidence, with which no defendant in a criminal trial should have to contend. State v. Dietz, 5 N.J. Super. 222, 225 (App. Div. 1949). The testimony was not relevant to the issue being tried and raised a speculative inference that the defendant had a propensity to commit the offense charged. State v. Bartell, 15 N.J. Super. 450, 460 (App. Div. 1951). It would be idle to speculate upon what weight the jury gave to the quoted testimony in arriving at its verdict of conviction. But the testimony was clearly prejudicial to the defendant, its admission error, and, the motion for a mistrial having been denied, the court should have at least instructed the jury to disregard the prejudicial testimony.
The court in its instructions to the jury charged as follows:
"You will recall that the officers testified that the defendant attempted to run away when he was called prior to the time of his arrest. This is known in the law as flight, and it carries with it a rebuttal [rebuttable] presumption of guilt. You will also recall that the defendant denies that he ran away or attempted to do so. It will, therefore, be for you, the jury, to determine whether the defendant attempted to flee, and if so, what relation it had to his guilt or innocence."
The rule of law is that flight does not carry with it a rebuttable presumption of guilt  there can be no presumption of guilt in a criminal matter, for always there is a presumption of innocence and the two cannot coexist. The defendant did not testify, so the court must have construed his plea of "not guilty" as a denial of flight as well as of the crime charged. However, the evidence being that the defendant did run away when challenged by the police, if *188 the court charged the jury on the question of flight, it should have charged that flight is merely a circumstance which may tend to show consciousness of guilt and which should be weighed by the jury with all other facts and circumstances. State v. Centalonza, 18 N.J. Super. 154 (App. Div. 1952). The quoted portion of the charge was erroneous.
The judgment of conviction is reversed and the cause remanded for a new trial.