128 N.J. Super. 212 (1974)
319 A.2d 740
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HERMAN LEAK AND WESLEY J. ADAMS, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 22, 1974.
Decided May 6, 1974.
*213 Before Judges CONFORD, HANDLER and MEANOR.
*214 Mrs. Susan T. Sinins, Assistant Deputy Public Defender, argued the cause for defendants-appellants (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Marc J. Friedman, Deputy Attorney General, argued the cause for plaintiff-respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney (Mr. George F. Kugler, Jr., former Attorney General of New Jersey)).
PER CURIAM.
Defendants were convicted of armed robbery. The alleged victim testified that he was assaulted from the rear on a street by a group of young people, two males and two females. They took his wallet, containing $90, and $7.10 from a trouser pocket. They ran away when a patrol car arrived on the scene. Defendants were apprehended shortly thereafter, Adams separately from Leak. The victim, one Zisa, identified them both in court. He identified Leak and one of the women out of court. His money and wallet were returned to him by the police shortly after the arrests.
Defendant Leak denied the robbery. Codefendant Linda Logan (not a party to this appeal) testified, and was substantially corroborated by the testimony of Leak, that she had an engagement to meet Leak at the Old Rail Bar. While she awaited him Zisa accosted her but she ignored him. Later Leak arrived, stayed awhile, and departed. Logan left to seek a ride home. Zisa accosted her again and touched her arm. Leak reappeared, and Logan told him of Zisa's approach. An argument ensued between the men, and when Zisa reached into his pocket Leak punched him. Shortly thereafter the police arrived and arrested them. They said Adams was not involved in the episode. Leak testified he ran away bcause he was on parole from Yardville.
Adams testified he was not involved in the robbery at all. He was walking home from a bus terminal when he stopped to urinate in the bushes. A police officer came upon him and threatened to kill him if he moved. Adams has an extensive criminal record.
*215 Defendants appeal on a wide assortment of grounds: (1) testimony regarding Adams' ownership of a watch found at the scene was in violation of the Miranda rule and prejudicial; (2) the court's charge on flight was erroneous and prejudicial; (3) abuse of discretion in permitting Officer Brown's testimony to be read to the jury; (4) the sentence of defendant Adams was excessive; (5) the court erred in answering the jury's question concerning the identification of the watch; (6) abuse of discretion in permitting the victim's wallet to be introduced in evidence; (7) abuse of discretion in not ordering a mistrial and a sentence of the defendants, and (8) the verdict was against the weight of the evidence.
Of these grounds, we deem only the first and second to warrant discussion in this opinion.
Officer Brown testified that in searching the environs of the assault the following morning he discovered a wrist watch. The watch was marked for identification as an exhibit. The officer was asked whether he ever ascertained the ownership of the watch and responded that he did. He was asked how he went about that, and said: "I took the watch to the cellblock and spoke to Mr. Adams and asked him if that was his watch." At that point the defense made an objection, and the court proceeded to conduct a Miranda voir dire out of the presence of the jury. At its conclusion the court excluded any further interrogation on the subject of the watch on Miranda grounds. Defense counsel expressed no objection to the court concerning the prejudicial effect of the interrogation prior to the voir dire nor did he move to strike it.
During the course of the jury's deliberations they requested a reading of Officer Brown's testimony, and this was done over the objection of Adams' counsel. Two hours later the jury sent a question to the judge: "Did Wesley Adams identify the watch as being his?" With the express approval of Adams' counsel the court instructed the jury that the watch was not in evidence and that any testimony with respect *216 to the identity of the watch must be stricken from their consideration.
Adams now contends that the circumstances surrounding the original adduction of Brown's testimony concerning the identification of the watch visited such prejudicial effect on his defense as was not eradicable by the instruction of the court to the jury during its deliberations. We do not agree. Trial counsel's contemporaneous evaluation of the seriousness of the matter is entitled to some weight. As noted, there was no request to strike Brown's testimony at any time nor any expression of dissatisfaction other than with the reading of the entirety of Brown's testimony. As to the latter, this was entirely within the sound discretion of the court. State v. Wilkerson, 60 N.J. 452, 460 (1972). In these circumstances we will not assume the jury did not heed the judge's instructions to disregard any testimony as to the watch. Clark v. Piccillo, 75 N.J. Super. 123, 133 (App. Div. 1962).
Defendants complain of the court's refusal to use their request to charge on the subject of flight and contend that the charge on that subject as delivered was erroneous. A portion of defendant's request was clearly erroneous. This was that flight could be considered by the jury only after they become convinced beyond a reasonable doubt that the defendant committed a wrong before the flight. A portion of the request being erroneous, the court was warranted in rejecting the whole.
The true rule on flight is that if a defendant does not submit an explanation for flight, consistent with a clear conscience as to guilt, which is given credence by the jury, the jury may infer from the flight consciousness of guilt on the part of the defendant. Consciousness of guilt is a circumstance which, along with all the other evidence, may be considered by the jury in assessing guilt. See State v. Petrolia, 45 N.J. Super. 230, 233 (App. Div. 1957), certif. den. 25 N.J. 43 (1957), cert. den. 355 U.S. 942, 78 S.Ct. 431, 2 L.Ed.2d 422 (1958).
*217 The charge delivered in the present case was poor in that it did not clearly apprise the jury that if they credited the explanation of any of the defendants for his or her flight (e.g., defendant Leak being on parole from Yardville and thus not wishing to be involved in any kind of altercation), they should not draw any inference relative to guilt against such defendant. However, we believe the jury probably drew that meaning from the portion of the charge wherein it was informed by the court that it should "consider" defendants' "explanation * * * as to why they considered the actions and did certain things at that particular time." In any event, on the case as a whole, we do not believe the charge as delivered had any prejudicial effect as to either defendant.
We find no merit in any of the other grounds asserted in defendants' brief.
Affirmed.