582 A.2d 1048

STATE OF NEW JERSEY, PLAINTIFF, v. PETER MANN, DEFENDANT.

Superior Court of New Jersey
Law Division, Bergen County

Decided May 17, 1990.

*Charles Smith* for plaintiff.

*Wakely Paul* for defendant.

MINUSKIN, J.S.C.

The issue before the court is whether evidence relating to an accused's attempt to commit suicide is admissible against him in a criminal prosecution. At trial, the prosecutor sought to produce testimony which would establish that defendant, after his arrest, attempted to take his life.

As a general proposition, evidence of the conduct of the accused subsequent to the time of the offense with which he is charged may be presented to the jury if it has any probative significance respecting guilt or innocence. *State v. Andrial*, 203 *N.J.Super.* 1, 6, 495 A.2d 878 (App.Div.1985) (Evidence of defendant's unexplained flight is admissible as tending to prove his consciousness of guilt); *State v. Wilson*, 57 *N.J.* 39, 49, 269 A.2d 153 (1970); *State v. Sullivan*, 43 *N.J.* 209, 238–239, 203 A.2d 177 (1964), *cert.den.* 382 *U.S.* 990, 86 *S.Ct.* 564, 15 *L.Ed.*2d 477 (1966).

Courts have held that evidence of attempted suicide is analogous to evidence of flight. Hence, the principle upon which the evidence of flight is admitted to show a consciousness of guilt is equally applicable to evidence of attempted suicide. *State v. Jaggers*, 71 *N.J.L.* 281, 58 *A.* 1014 (E. & A.1904); *People v. O'Neil*, 18 *Ill.*2d 461, 165 *N.E.*2d 319 (Sup.Ct.1960); *People v.*

*Duncan,* 261 *Ill.* 339, 103 *N.E.* 1043 (Sup.Ct.1913); *State v. Lawrence,* 196 *N.C.* 562, 146 *S.E.* 395 (Sup.Ct.1929); *Commonwealth v. Giacobbe,* 341 *Pa.* 187, 19 *A.*2d 71 (Sup.Ct.1941); *Wharton's Criminal Evidence* (14 ed. 1985), § 154.

The only case directly on point in New Jersey is *State v. Jaggers, supra.* In *Jaggers,* the New Jersey Court of Errors and Appeals held that evidence of defendant's attempted suicide while confined in the county jail was admissible on the issue of defendant's guilt. The court reasoned, "The principle upon which such evidence is admitted against an accused person we deem applicable to evidence that the accused, when in custody charged with a crime, attempted to take his own life and thereby escape further prosecution." 71 *N.J.L.* at 282, 58 *A.* 1014.

It has always been recognized that flight of one accused of a crime, or his escape from custody under a criminal charge may be admitted in evidence to show consciousness of guilt. *Ibid.; State v. Petrolia,* 45 *N.J.Super.* 230, 233, 132 *A.*2d 311 (App.Div.1957). *See also State v. Long,* 119 *N.J.* 439, 499–500, 575 *A.*2d 435 (1990). Although courts have recognized that flight can result from non-culpable motivations such as fear of humiliation and expense, the fact that defendant attempted to flee is nevertheless sufficiently probative so as to allow presentation of such evidence to a jury as a circumstance to be considered with other circumstances of the case in determining defendant's guilt or innocence. *State v. Petrolia, supra,* 45 *N.J.Super.* at 234, 132 *A.*2d 311. Similarly, although attempted suicide may result from reasons other than a defendant's desire to escape further prosecution, such evidence is nevertheless sufficiently probative to allow submission to a jury.

Based on the seminal case of *State v. Jaggers, supra,* as well as on pronouncements in other jurisdictions, this court is of the opinion that evidence relating to an accused's attempt to commit suicide after his arrest is admissible in a criminal prosecu-

tion as a circumstance tending to show consciousness of guilt in the mind of defendant.

Accordingly, defendant's objection is overruled and testimony regarding defendant's alleged suicide attempt may be admitted into evidence.