Reversed, and remanded for proceedings consistent herewith.

603 A.2d 533
STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. PETER MANN, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 14, 1992—Decided March 3, 1992.

Before Judges O'BRIEN, HAVEY and CONLEY.

*Wilfredo Caraballo,* Public Defender, attorney for appellant (*Robert Brigliadoro,* Designated Counsel, on the brief).

*John J. Fahy,* Bergen County Prosecutor, attorney for respondent (*Terri Del Greco,* Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

HAVEY, J.A.D.

A jury convicted defendant of two counts of sexual assault, *N.J.S.A.* 2C:14-2c(1), and criminal sexual contact, *N.J.S.A.* 2C:14-3b. On the sexual assault convictions, defendant was sentenced to a concurrent custodial term of ten years with a five-year period of parole ineligibility. He was given an 18-month concurrent term for sexual contact.

On appeal, defendant raises the following points:

*Point I*—The trial court abused its discretion in ruling that defendant's prior conviction could be used to impeach his credibility.

*Point II*—The trial court erred in allowing evidence of the defendant's alleged suicide attempt.

*Point III*—The trial court's instructions to the jury were prejudicial to the defendant, thereby affecting his right to a fair trial.

*Point IV*—The trial court erred in denying the defendant's motion for a new trial as the jury verdict was against the weight of the evidence.

*Point V*—The trial court erred in admitting fresh complaint testimony of the alleged victim.

*Point VI*—The sentence imposed was manifestly excessive and an abuse of the trial court's discretion and must be modified by the reviewing court.

We have considered defendant's contentions and supporting arguments and are satisfied they are clearly without merit. *R.* 2:11-3(e)(2). *See State v. Bethune,* 121 *N.J.* 137, 145, 578 *A.*2d 364 (1990); *State v. Hill,* 121 *N.J.* 150, 167–68, 578 *A.*2d 370 (1990); *State v. Pennington,* 119 *N.J.* 547, 587, 575 *A.*2d 816 (1990); *State v. Roth,* 95 *N.J.* 334, 363–64, 471 *A.*2d 370 (1984); *State v. Sands,* 76 *N.J.* 127, 144, 386 *A.*2d 378 (1978). With respect to Points II and III, we add the following.

■ The victim, D.M., reported to the Westwood Police that defendant, her cousin, had sexually assaulted her two days earlier. Defendant was taken into custody and questioned about the crime at the Bergen County Prosecutor's Office. Prior to questioning defendant, Westwood police officers had advised Investigator Petro of the prosecutor's office that defendant had earlier in the day threatened to kill himself. Petro was also told that defendant had "prior suicidal tendencies." Over defendant's objection, Petro was permitted to testify that prior to the commencement of the interrogation, defendant slit his wrist with a piece of metal and, when he attempted to cut himself a second time, was restrained by the officers. Defendant's wounds were treated and he was transported to the Bergen Pines County Hospital for psychological observation.

In an opinion reported at 244 *N.J.Super.* 484, 582 *A.*2d 1048 (Law Div.1990), Judge Minuskin concluded that evidence of defendant's attempted suicide was admissible into evidence. We agree. Citing *State v. Jaggers,* 71 *N.J.L.* 281, 58 *A.* 1014 (E. & A.1904), Judge Minuskin reasoned that "evidence of attempted suicide is analogous to evidence of flight" and thus the "principle upon which the evidence of flight is admitted to show a consciousness of guilt is equally applicable to evidence of attempted suicide." 244 *N.J.Super.* at 485, 582 *A.*2d 1048. In *Jaggers,* the Court of Errors and Appeals stated the principle as follows:

> It has always been recognized that the flight of one accused of a crime, or his escape from custody under a criminal charge, may be given in evidence upon the trial of an indictment for the crime charged. Such evidence is deemed, when unexplained, to raise some presumption of guilt, akin to the presumptions deemed to arise upon the fabrication of false evidence or the suppression of true evidence. [Citation omitted.] The principle upon which such evidence is admitted against an accused person we deem applicable to evidence that the accused, when in custody charged with the crime, attempted to take his own life and thereby escape further prosecution. [71 *N.J.L.* at 282, 58 *A.* 1014.]

The analogy between attempted suicide and flight has been embraced by other jurisdictions and appears to be the universal rule. *See* 2 J. Wigmore, *Wigmore on Evidence* § 276, at 131 (Chadbourn rev. 1979) (attempted suicide may be construed as

"an attempt to flee and escape forever from the temporal consequences of one's misdeeds"); 1 Wharton, *Criminal Evidence* § 159 at 649 (14th ed. 1985); J.J. Director, Annotation, *Admissibility of Evidence Relating to Accused's Attempt to Commit Suicide*, 22 *A.L.R.*3d 840, 842 (1968); 29 *Am.Jur.*2d *Evidence* § 284 (1967); *State v. Brown*, 128 *N.H.* 606, 615–16, 517 *A.*2d 831 (1986) (just as a jury may consider flight after a crime, it may also consider attempted suicide as indicating a consciousness of guilt); *State v. Mitchell*, 450 *N.W.*2d 828, 831 (Iowa 1990) (in prosecution for kidnapping and sex abuse, evidence of defendant's attempted suicide while in squad car en route to jail was admissible to show his guilty state of mind); *People v. Campbell*, 126 *Ill.App.*3d 1028, 1053, 82 *Ill.Dec.* 39, 467 *N.E.*2d 1112 (1984), *cert. denied sub nom., Campbell v. Illinois*, 471 *U.S.* 1136, 105 *S.Ct.* 2677, 86 *L.Ed.*2d 695 (1985) (evidence of strips of torn blanket hanging from jail cell bars, construed either as an escape attempt or suicide attempt, was probative of defendant's consciousness of guilt and thus admissible).

Noting his prior psychological disorder and history of suicide attempts, defendant argued against admission of the evidence, reasoning that the attempt was simply a manifestation of his underlying psychological disorder rather than a consciousness of guilt. It is true that an attempted suicide may raise an inference of consciousness of guilt "when unexplained." *Jaggers*, 71 *N.J.L.* at 282, 58 *A.* 1014. As an analogy, in flight cases mere "departure ... does not imply guilt." *State v. Long*, 119 *N.J.* 439, 499, 575 *A.*2d 435 (1990). "For departure to take on the legal significance of flight, there must be circumstances present and *unexplained* which, in conjunction with the leaving, reasonably justify an inference that it was done with a consciousness of guilt and pursuant to an effort to avoid an accusation based on that guilt." *State v. Sullivan*, 43 *N.J.* 209, 238–39, 203 *A.*2d 177 (1964), *cert. denied sub nom., Sullivan v. New Jersey*, 382 *U.S.* 990, 86 *S.Ct.* 564, 15 *L.Ed.*2d 477 (1966) (emphasis added); *see also Long*, 119 *N.J.* at 499, 575 *A.*2d 435.

However, defendant's conduct at least implied a guilty state of mind. Defendant's attempt to slash his wrists, occurring just days after the commission of the crime and upon the advent of interrogation by the police, may well support an inference that defendant was harboring guilt for committing the crime. On the other hand, the jury may well have concluded that the suicide attempt occurred solely as a result of defendant's underlying psychological disorder, and thus disregarded the evidence. The probative force of the totality of circumstances regarding defendant's prior psychological history and the attempted suicide was a matter for jury determination. The evidence was therefore properly admitted.

Although the suicide attempt evidence was allowed, no jury instruction was given defining its significance. Defendant now argues, for the first time on appeal, that the jury should have been expressly told not to draw an inference of consciousness of guilt if they found that the suicide attempt was related solely to his underlying psychological disorder.

Ordinarily, when attempted suicide evidence is introduced, a jury instruction, tracking the flight charge, should be given as to the significance of the evidence, and the charge delivered should clearly apprise the jury that if they credit defendant's explanation for his or her suicide attempt, no inference relevant to guilt should be drawn. *See State v. Leak*, 128 *N.J.Super.* 212, 217, 319 *A.*2d 740 (App.Div.), *certif. denied*, 65 *N.J.* 565, 325 *A.*2d 699 (1974) (jury must be instructed that if they credit defendant's explanation of reason for departure after the crime, they should not draw any inference relative to guilt). Here, neither the prosecutor nor defense counsel requested a jury instruction equivalent to a "flight" charge, nor was there any objection to the judge's failure to do so. Thus, the trial judge's failure to give the instruction is raised as plain error. *R.* 2:10–2.

We recognize "that '[a]ppropriate and proper charges to a jury are essential for a fair trial.'" *State v. Clausell*, 121 *N.J.*

298, 318, 580 *A.*2d 221 (1990), (quoting *State v. Green*, 86 *N.J.* 281, 287, 430 *A.*2d 914 (1981)). Also, erroneous jury instructions are almost invariably regarded as "poor candidates for rehabilitation under the harmless error philosophy." *State v. Crisantos*, 102 *N.J.* 265, 273, 508 *A.*2d 167 (1986), (quoting *State v. Simon*, 79 *N.J.* 191, 206, 398 *A.*2d 861 (1979)). However, here defense counsel may well have made the reasonable tactical choice not to have the judge raise the suicide attempt issue during the jury instruction. In his summation, defense counsel underscored the evidence of defendant's prior history of suicidal tendencies and was permitted to argue that the present attempt was because of defendant's psychological disorder and grief arising from an unjustified rape charge. The prosecutor made no argument regarding defendant's consciousness of guilt based on the evidence, and when he attempted to mention that defendant had produced no record of his prior medical history, defendant's objection was sustained and the prosecutor dropped the issue. Thus, defense counsel had no reason to have the subject revisited during the jury instruction.

Moreover, had the judge given the jury the charge now advanced by defendant, the corresponding instruction would have been given that the jury may find that the totality of circumstances implied a guilty state of mind. Such an instruction obviously would benefit the State, and would have underscored the very inference defendant attempted to avoid by objecting to the evidence during trial. *See State v. Riley*, 111 *N.J.Super.* 551, 553, 270 *A.*2d 47 (App.Div.1970), *certif. denied*, 57 *N.J.* 432, 273 *A.*2d 59 (1971). We therefore find no plain error in the trial judge's failure to give the instruction.

Affirmed.