[No. 10,605.—Department One.]

THE PEOPLE v. ALF. HIGGINS, JR.

FORMER JEOPARDY—DISCHARGE OF JURY.—Defendant was once before put upon his trial on the same indictment before a competent court and jury duly impaneled, but during the progress of the trial fled; and after repeated delays and unsuccessful efforts on the part of the Court to obtain his presence, the jury was discharged without rendering a verdict.

*Held:* There is no merit in the plea of former jeopardy interposed by the defendant. His own act created the necessity for the discharge of the jury without a verdict. Having been so discharged, no actual jeopardy ever attached to defendant on that trial.

APPEAL from a judgment of conviction, and from an order denying a new trial, in the Superior Court of Mendocino County. McGARVEY, J.

*Thomas L. Carothers,* for Appellant,

Cited *People* v. *Webb,* 38 Cal. 467; *Ex parte McLaughlin,* 41 id. 215; *Ex parte Hartman,* 44 id. 35.

No brief on file for Respondent.

Ross, J.:

The defendant's objection to the sufficiency of the evidence is without merit. There was ample proof of the elements of the offense—the larceny of eighty dollars—with which he was charged, as well as of his guilt of the offense. Nor is there any merit in the plea of former jeopardy interposed by him. The plea is based on these facts: Defendant was once before put upon his trial on the same indictment, before a competent Court and jury, duly impaneled, but during the progress of the trial, fled. After repeated delays and unsuccessful efforts on the part of the Court to obtain his presence, the jury was discharged without rendering a verdict.

"A defendant is placed in apparent jeopardy," as said by this Court in *People* v. *Hunckeler,* 48 Cal. 334, "when he is placed on trial before a competent Court and a jury impaneled and sworn. His jeopardy is real, unless it shall subsequently appear that a verdict could never have been rendered, by reason of the death or illness of the Judge or a juryman, or that, after due deliberation, the jury could not agree, or by reason of some other like overruling necessity, which compels their discharge without the consent of the defendant."

The defendant, being charged with a felony, was required to be present during the whole of the trial, including the rendition of the verdict. Without his presence, no valid verdict or judgment could be given against him. (Penal Code, §§ 1043, 1148; *People* v. *Kohler,* 5 Cal. 72; *People* v. *Beauchamp,* 49 Id. 41; 1 Bishop on Crim. Proc. 688, and authorities there cited.) By voluntarily absenting himself from the Court he made it impossible for the jury to render a verdict in the case. His own act created the necessity for the discharge of the jury without a verdict. Having been so discharged, no actual jeopardy ever attached to defendant on that trial.

Judgment and order affirmed.

McKINSTRY and McKEE, JJ., concurred.