94 N.J. Super. 137 (1967)
227 A.2d 145
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RICHARD DAVID JONES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 14, 1967.
Decided March 1, 1967.
*138 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Richard S. Miller argued the cause for appellant (Mr. Walter E. Williams, attorney).
Mr. William Kattak, Assistant Prosecutor, argued the cause for respondent (Mr. John G. Thevos, County Prosecutor, attorney; Mr. Archibald Kreiger, Assistant Prosecutor, on the brief).
PER CURIAM.
Defendant was tried by the court without a jury and found guilty on indictments charging (1) armed robbery upon Lena Holmes in violation of N.J.S. 2A:141-1 and N.J.S. 2A:151-5, (2) larceny from the person of Lena Holmes in violation of N.J.S. 2A:119-1, and (3) possession with intent to use a dangerous weapon in violation of N.J.S. 2A:151-56. The court sentenced defendant on the two-count robbery indictment to a State Prison term of not less than *139 three and not more than five years on the robbery count and a consecutive term of not less than two and not more than three years on the count charging commission of the robbery while armed. Although during the trial the judge ruled that the larceny and possession of a dangerous weapon indictments merged with the armed robbery indictment, he found defendant guilty and imposed suspended sentences on such indictments.
Defendant argues that the trial judge erred in imposing the suspended sentences on the larceny and possession of a dangerous weapon indictments because those offenses merged in the greater offense of armed robbery. Reliance is placed on State v. Riley, 28 N.J. 188, 195 (1958), affirming in part 49 N.J. Super. 570, 575-576 (App. Div. 1958), certiorari denied 361 U.S. 879, 80 S.Ct. 166, 4 L.Ed.2d 117 (1959). The State concedes that the larceny merged in the robbery indictment and therefore the suspended sentence imposed was illegal and should be vacated.
However, the State argues that the possession of a dangerous weapon charge did not merge with the armed robbery indictment and the sentence should be upheld. It contends that possession of a dangerous weapon with intent to use it against another is not a constituent element of the crime of robbery but a distinct and separate criminal act; that it was not an integral part of the robbery offense which called for additional punishment if committed while armed.
The evidence at the trial showed that defendant, with an unknown man, came to Lena Holmes' boarding house and told her they were drug addicts and needed money to obtain narcotics. The defendant held a knife at Mrs. Holmes' throat and forcibly took her wallet containing $115.
The crime of robbery as defined in N.J.S. 2A:141-1 is the forcible taking of money or personal goods from the person of another, by violence or putting him in fear. The additional punishment prescribed for armed criminals in N.J.S. 2A:151-5 provides that an additional sentence shall be imposed upon one who commits or attempts to commit a *140 robbery when armed with or having in his possession a dangerous knife. The possession of a deadly weapon statute, N.J.S. 2A:151-56, provides:
"Any person who attempts to use unlawfully against another, or who carries or possesses with intent to use unlawfully against another, any * * * dangerous or deadly instrument or weapon, is guilty of a high misdemeanor * * *."
In the instant case defendant was charged with not only possessing the knife with intent to use it and attempting to use it unlawfully (N.J.S. 2A:151-56), but with actually using it unlawfully to put Mrs. Holmes in fear and rob her. We are satisfied that the "attempt" proscribed by the possession statute merged with the actual use of the weapon in the completed crime of armed robbery. Hence, the suspended sentence imposed on the indictment charging possession of a deadly weapon was illegal and must be vacated.
Defendant next argues the court erred in admitting testimony of a police office that when he found defendant in a restaurant 18 days after the crime was committed and defendant agreed to accompany him to police headquarters, defendant thereafter twice fled from the police car. Defendant alleges that since he fled before he was informed of the charges against him, no inference may be drawn from his flight and he was prejudiced by the admission of such testimony. There is no merit to this contention. We are not concerned here with a mere "departure" from the scene of the crime, from which no inference of consciousness of guilt may be drawn, State v. Sullivan, 43 N.J. 209, 238-239 (1964), certiorari denied 382 U.S. 990, 86 S.Ct. 564, 15 L.Ed.2d 477 (1966), but with flight from custody. Such evidence is proper because it raises an inference that defendant fled with a consciousness of guilt. State v. Sullivan, supra, at pp. 238-239; State v. Garcia, 83 N.J. Super. 345, 350 (App. Div. 1964).
Defendant next claims it was plain error to have permitted admission of testimony that during the robbery he *141 said he was a drug addict and needed a "fix," contending that said testimony showed commission of another crime, i.e., drug addiction (cf. N.J.S. 2A:170-8). There was no error. Evidence of defendant's motive for commission of the robbery was relevant and the statements made were part of the res gestae. See State v. Kociolek, 23 N.J. 400, 418-420 (1957); State v. Homer, 86 N.J. Super. 351, 364 (App. Div. 1965).
Finally, defendant contends that the findings of the trial court were against the weight of the evidence. We have carefully reviewed the record and are satisfied that, considering the proofs as a whole, the findings of the trial court were supported by the credible evidence. State v. Johnson, 42 N.J. 146, 162 (1964).
The convictions of the crimes of larceny from the person and possession of a deadly weapon are set aside and vacated. The conviction of the crime of armed robbery is affirmed.