133 N.J. Super. 175 (1975)
336 A.2d 8
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANGELO APOSTOLIS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 26, 1974.
Decided March 25, 1975.
*176 Before Judges MATTHEWS, FRITZ and BOTTER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Robert J. Konzelmann, Assistant Deputy Public Defender, of counsel and on the brief).
*177 Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Glenn E. Kushel, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Other than a complaint of the excessiveness of sentence, which we find to be without merit, the sole question raised by this appeal is whether reference to "unexplained flight" by a trial judge, in his charge to the jury relating to defendant's flight, unlawfully compromises defendant's rights under the Fifth Amendment to the United States Constitution in a situation where defendant did not testify. We answer this question in the negative and affirm the conviction below.
In the matter before us there was direct evidence of defendant's departing the vicinity of the crime by climbing an eight to ten-foot embankment in his car, which then ran through a red traffic light, all the while travelling at high speeds before its flight was stopped by a police road block. The portion of the judge's charge dealing with flight, here criticized, and to which a timely and appropriate objection was taken below, is as follows:
* * * Hence, again, the State contends that the defendant deliberately and intentionally took flight. You may or may not determine that the actions of this defendant constitute flight. Flight standing alone raises no inference of guilt. But the unexplained flight of a person after a crime has been committed is a circumstance which you may consider together with all of the other evidence in the case in determining whether such unexplained flight tends to prove a consciousness of guilt. If you find beyond a reasonable doubt that the defendant, Apostolis, fearing that an accusation, a charge would be made against him, the charge involved in the indictment, or fearing an arrest by reason thereof, took refuge in flight or for the purpose of evading the accusation or arrest, then you may consider such unexplained flight or conduct as a circumstance which might tend to show consciousness of guilt, and which should be weighed by you with all of the other evidence in the case which is relevant and material on the issue of guilt or innocence of the defendant. You may consider such conduct by the defendant, if true, significant, or you may not. This is a question of fact for you to determine, again, in light of all of the evidence in the case.
*178 Defendant recognizes that consciousness of guilt may properly be demonstrated by evasive flight, but argues that for a judge to present the principle to a jury in terms of "unexplained" flight unconstitutionally imposes either a duty on defendant to testify or a penalty for not testifying. Essentially the same argument was put forward in State v. Copeland, 94 N.J. Super. 196 (App. Div. 1967), and there rejected. We reject it here. Cf. Barnes v. United States, 412 U.S. 837, 846-847, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973).
We realize that in both Copeland and Barnes the jury was instructed that defendant had a constitutional right not to take the witness stand. In Copeland the jury was told it could draw no adverse inference from that failure to take the stand. Here defendant specifically requested that the trial judge not comment on his not taking the stand  a request the judge honored. The distinctions do not support a renunciation of the Copeland-Barnes rationale, for it was not the instruction on flight which disadvantaged defendant beyond Copeland and Barnes, but rather, if anything, defendant's election not to have his correlative right explained to the jury. Evasive flight itself, as conduct reasonably evidencing guilt, enjoys no Fifth Amendment protection. And as is pointed out in Barnes, supra:
* * * Introduction of any evidence, direct or circumstantial, tending to implicate the defendant in the alleged crime increases the pressure on him to testify. The mere massing of evidence against a defendant cannot be regarded as a violation of his privilege against self-incrimination. Yee Hem v. United States, supra [268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925)], at 185. [412 U.S. at 847, 93 S.Ct. at 2363]
It remains obvious that in the circumstance where flight has occurred but defendant chooses not to take the stand and requests that the judge not comment on his failure to testify, care should be exercised by the trial judge to avoid language which might be misunderstood to impose a burden *179 upon defendant which is not his. At the same time, motive for departure is an essential element with respect to consideration of flight as evidence of guilt, State v. Wilson, 57 N.J. 39, 48-49 (1970), and so it is necessary for the judge to instruct the jury in this respect. As indicated by the language approved in State v. Sullivan, 43 N.J. 209, 238-239 (1964), cert. den., 382 U.S. 990, 86 S.Ct. 564, 15 L.Ed.2d 477 (1966), this can and should be done by charging the jury that flight, if factual, may be considered as evidence of consciousness of guilt only after a determination from all the evidence in the case that the purpose of the departure was to evade accusation or arrest.
We are satisfied in the circumstances of this case, including the charge read as a whole (see State v. Wilbely, 63 N.J. 420, 422 (1973)), that there was no basic unfairness to defendant. The fact of the matter is that defense counsel in his summation went to considerable lengths in attempting to explain and rationalize defendant's flight. He said:
Now, we have stipulated that Mr. Apostolis was the owner of that car that was there. We stipulated that he was the driver of the car. And you did hear testimony that the car left the scene at a rapid speed. Now, does the State want you to believe just from the fact that somebody ran away from a place, from a police officer, that they're guilty beyond a reasonable doubt of committing a felony? Which is what they allege in this case. I say that, of course, they're going to allege to you that's only one of the factors. Now, it's for you to decide whether in fact that happened. But assuming that you do decide that, isn't it a reasonable inference that people may leave the scene, any scene, not necessarily the scene of a crime, any place where they are, because they're afraid of the police for some reason or another in this day and age? Is it possible that they would leave, and isn't it a fair inference that they would leave because they were at a place where they didn't belong, outside of Becker Transportation? They were at a place where they were trespassing on somebody else's property. And let me go even further: Isn't it also just as reasonable an inference possibly to be drawn by you that there was a  maybe a trespass in this case, and if there was, maybe a trespass, wouldn't that be a reason to leave? But a trespass is not a breaking and entering with an intent to steal. It's a trespass. And it's something that would not be considered by you, is not to be considered by you here today. What you are considering is a charge of a felony, a breaking and entry with an intent to steal.
*180 Now, as I said, in this day and age I think it's pretty clear that anyone  well, not anyone, but people do run from the police for various reasons of their own, if nothing else, because of the fact that they may be just plain scared of what may happen in the event that somebody catches up with them, period. * * *
Fairness was further assured by the extensive, even redundant, correct charge on the presumption of innocence, the burden of proof and reasonable doubt which included such statements, among others, as, "There is no duty upon the defendant to cause the jury to entertain reasonable doubt as to his guilt."
Accordingly, we are satisfied that while instruction to the jury in the case of defendant's flight might better avoid use of the word "unexplained" and rather include a charge in the form suggested above, there was no reversible error here.
Affirmed.