[Crim. No. 26922. Second Dist., Div. One. Mar. 12, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES SNYDER, Defendant and Appellant.

## COUNSEL

Lee Brewster, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Frederick R. Millar, Jr., and Ann Rushton, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

HANSON, J.—James Snyder appeals from a judgment of the trial court entered pursuant to jury verdict finding him guilty of burglary second degree (Pen. Code, § 459).

### THE CASE

Defendant James Snyder was arrested and charged with burglary. At his arraignment defendant pleaded not guilty and was released on bail pending trial. Trial was set for July 1, 1974. On that date defendant was present with counsel and the full jury was impaneled. No testimony or evidence was introduced, however, and proceedings were continued until the next day. Defendant remained free on bail.

When defendant failed to appear on July 2, 1974, the courthouse was searched, defendant's bail was forfeited and a bench warrant issued. Trial was continued until July 3, 1974, and at that time defendant was still absent. Defendant's counsel told the court that he had received a telephone call from defendant informing him that defendant was arrested for a traffic warrant, had been in the Alhambra city jail, and would be at court by 11 a.m. Defendant failed to appear thereafter and a check was made of the county jail system, but no record was found to indicate that defendant had been apprehended. A check of the Alhambra city jail by the prosecution also failed to disclose any information relating to the whereabouts of defendant Snyder.

Defense counsel thereupon moved for a mistrial, and the prosecution made a motion pursuant to Penal Code section 1043 to proceed to trial in defendant's absence. Recess was called until July 5, at which the court granted the People's motion and denied defendant's motion.

Defendant was noticeably absent during trial, but no evidence was formally offered to call attention to this fact. Over defendant's objection the court gave a jury instruction based on CALJIC No. 2.52 as follows: "The flight of a person after he is accused of a crime that has been committed, is not sufficient in itself to establish his guilt, but is a fact which, if proved, may be considered by you in the light of all other proved facts in deciding the question of his guilt or innocence. The weight to which such circumstance is entitled is a matter for the jury to determine." The jury returned a verdict of guilty and sentencing was placed off calendar until defendant could be present. About 3½ months later defendant appeared for sentencing. No further facts appear in the record as to the circumstances surrounding defendant's absence or his subsequent return to custody. The defendant offered no explanation of his extended absence at the time sentence was imposed.

## ISSUES

Defendant Snyder contends the instruction relating to flight constituted prejudicial error, and that the granting of the prosecution motion to proceed to trial in defendant's absence deprived defendant of due process of law.

## Discussion

■ It was proper for the trial court to instruct the jury in the language set forth above since in the absence of any explanation it would be reasonable to infer that defendant's absence was voluntary and it was a fact relevant to the determination as to his guilt or innocence. (*People v. Kessler* (1968) 257 Cal.App.2d 812, 814-816 [65 Cal.Rptr. 248].) "It was for the jury to determine whether appellant's conduct amounted to flight and the significance and weight to be attached to such circumstance." (*People v. Olea* (1971) 15 Cal.App.3d 508, 516 [93 Cal.Rptr. 265].) The court included in its further instructions the statement: "You must not conclude from the fact that an instruction has been given that the court is expressing any opinion as to the facts." Thus any inference the jury might have drawn about the court's attitude from the instruction on flight was effectively disspelled.

■ There is no merit in defendant Snyder's further contention that he was deprived of a fair trial when proceedings continued in his absence. Based on the facts disclosed, by July 5 the court was entitled to continue to try defendant in his absence. (Pen. Code, § 1043, subd. (b)(2).) As the court observed when the motion to proceed was granted, if new information were subsequently disclosed, the defendant might be entitled to a new trial. However, the court's determination was based on a "prima facie showing of voluntary absence." (*People v. Connolly* (1973) 36 Cal.App.3d 379, 385 [111 Cal.Rptr. 409].)

Section 1043, subdivision (b)(2) of the Penal Code provides: "(b) The absence of the defendant in a felony case after the trial has *commenced* in his presence shall not prevent continuing the trial to, and including, the return of the verdict in any of the following cases:

"· · · · · · · · · · · · · · · · · ·

"(2) Any prosecution for an offense which is not punishable by death in which the defendant is voluntarily absent." (Italics added.)

The propriety of the trial court's decision to proceed rests on criteria set forth in *People v. Connolly, supra,* 36 Cal.App.3d at page 384, where the court reviewed the relevant law as follows: "[S]ection 1043, subdivision (b)(2), was an adoption of the majority rule in the United States. (*Diaz v. United States,* 223 U.S. 442, 455-456 [56 L.Ed. 500, 505-506, 32 S.Ct. 250]; Witkin, Cal. Criminal Procedure (1963) Trial, § 388, p. 385.)

Strikingly similar to section 1043, subdivision (b)(2), is rule 43, Federal Rules of Criminal Procedure, which provides, in pertinent part: 'In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict.' The essential elements of section 1043, subdivision (b)(2), and rule 43 are the same. We, therefore, look to several federal cases for guidance.

"Defendant contends that the trial court had insufficient facts before it, when it proceeded in defendant's absence, to establish that the absence was voluntary. The contention infers that once defendant is found to be absent, the appropriate standard to be utilized in determining the voluntariness of the absence must then be met.

". . . . . . . . . . . . . . . . . .

"Defendant's constitutional right to be present at trial is involved and consequently, the rule formulated in the *Cureton* cases [*Cureton* v. *United States* (D.C.Cir. 1968) 396 F.2d 671 (130 App.D.C. 22); *United States* v. *Cureton* (D.D.C. 1968) 302 F.Supp. 1065; and *Cureton* v. *United States* (D.C.Cir. 1969) 413 F.2d 418 (134 App.D.C. 144)] should be the appropriate test—i.e., that defendant's absence was knowing and voluntary." (*People* v. *Connolly, supra,* 36 Cal.App.3d at p. 384.)

Accordingly, it has been held that a case involving a felony not punishable by death may proceed in the absence of a defendant when his voluntary absence occurs after the trial has commenced. (*People* v. *Malloy* (1974) 41 Cal.App.3d 944, 953-954 [116 Cal.Rptr. 592]; *People* v. *Connolly, supra,* 36 Cal.App.3d at p. 384.)

The trial of defendant Snyder had "commenced" within the meaning of Penal Code section 1043, subdivision (b)(2). "A person is in legal jeopardy for an offense when placed on trial on a valid accusatory pleading before a competent court with a jury duly impaneled and sworn; or, if the trial is by court, when the trial is 'entered upon.' [Citations.] . . . . A court trial is 'entered upon' when the first witness is sworn. [Citations.]" (*People* v. *Upshaw* (1974) 13 Cal.3d 29, 32-33 [117 Cal.Rptr. 668, 528 P.2d 756]; see also *People* v. *Beasley* (1970) 5 Cal.App.3d 617, 635 [85 Cal.Rptr. 501].) Since jeopardy had attached, the jury having been impaneled and sworn in the present case, defendant's rights might be prejudiced were the court to declare a mistrial without

defendant's actual or implied consent. Accordingly, the court made its determination on the facts known to it and proceeded in defendant's voluntary absence. The voluntariness of his absence was never subsequently disputed by defendant Snyder.

"On appeal the reviewing court must determine, on the whole record, whether defendant's absence was knowing and voluntary. (See *United States* v. *Partlow* (2d Cir. 1970) 428 F.2d 814; *Cureton* v. *United States* (D.C.Cir. 1968) *supra,* 396 F.2d 671; *Phillips* v. *United States* (9th Cir. 1964) 334 F.2d 589, 591-592; *United States* v. *Cureton* (D.D.C. 1968) *supra,* 302 F.Supp. 1065.)

"To look solely at the facts initially before the court would be patently unfair. . . . Such a result would be an abuse of the judicial process. The determination of the reviewing court *must* be based upon the totality of the facts; not just a portion of them." (Original italics.) (*People* v. *Connolly, supra,* 36 Cal.App.3d at p. 385.)

The totality of the facts in the present case disclose that defendant Snyder, who was free on bail, was present in court while the jury was impaneled and sworn. He thereafter, being in jeopardy, voluntarily absented himself without explanation. Since defendant was not present to give his express consent, the court properly refrained from declaring a mistrial under these facts.

Formerly, a defendant charged with a felony was required to be present during the whole of the trial, including the rendition of the verdict. Where he voluntarily absented himself, he by his own act created the necessity for the discharge of the jury without a verdict and it was held that no actual jeopardy attached to prevent his retrial. (*People* v. *Higgins* (1881) 59 Cal. 357, 358.)

For many years it has been the law in California that where a defendant is placed on trial before a competent court and jury upon a valid indictment or information, the discharge of the jury before a verdict is reached constitutes jeopardy unless the jury was discharged with defendant's consent. (*People* v. *Kelly* (1933) 132 Cal.App. 118, 122 [22 P.2d 526]; *People* v. *Baillie* (1933) 133 Cal.App. 508, 513 [24 P.2d 528].) The discharge of the jury when not authorized by law and in the absence of consent by the defendant is equivalent to an acquittal of the charge and constitutes former jeopardy on a subsequent trial on the same charge. (*Cardenas* v. *Superior Court* (1961) 56 Cal.2d 273, 275-276 [14

Cal.Rptr. 657, 363 P.2d 889, 100 A.L.R.2d 371]; Cal. Const., art. I, § 15; U.S. Const., 5th Amend.; and see Pen. Code, § 1023.) ▮ The defendant's motion for a mistrial, where it is granted by the court, operates as a waiver of the claim of once in jeopardy. (*People* v. *Mills* (1957) 148 Cal.App.2d 392, 394-395 [306 P.2d 1005].) Where, however, defendant fails to consent in clear and unambiguous terms, it is hazardous for the trial court to grant the motion for mistrial since the plea of once in jeopardy may prohibit retrial. (*Cardenas* v. *Superior Court, supra,* 56 Cal.2d at pp. 276-277.) It is at least open to serious question whether defendant's consent would be implied from a motion for mistrial by defense counsel made formally in open court in the defendant's voluntary absence.

In the case of *Hutson* v. *Superior Court* (1962) 203 Cal.App.2d 687 [21 Cal.Rptr. 753], the decision to grant mistrial was reached by the court in chambers with counsel; defendant was not present and he was not asked personally whether he would consent to a declaration of mistrial. As the court observed in holding that former jeopardy prohibited a retrial: "It would seem that with such an important right involved the defendant personally should have been given an opportunity to consent to the procedure or specifically to refuse." (*Hutson* v. *Superior Court, supra,* 203 Cal.App.2d at pp. 692-693.)

▮ The court in the present case considered all the surrounding circumstances and gave defendant Snyder ample time to appear or provide an explanation for his absence. A search was instituted and a bench warrant was issued. Only after deferring trial one full day, did the court grant the motion to proceed in defendant's absence. Defendant never later offered an explanation for his absence; he appeared for sentencing three and one-half months later. Under these circumstances there was no violation of defendant Snyder's right to a fair trial.

The judgment is affirmed.

Lillie, Acting P. J., and Thompson, J., concurred.