150 N.J. Super. 198 (1977)
375 A.2d 292
STATE OF NEW JERSEY, PLAINTIFF,
v.
JULIO ANDRIAL, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided April 1, 1977.
*199 Mr. Dennis McAlevy for defendant (Messrs. Russell & McAlevy, attorneys).
Mr. Walter Schreyer, Assistant Prosecutor for plaintiff (Mr. James T. O'Halloran, Prosecutor of Hudson County, attorney).
THURING, J.S.C.
This matter is before the court on an application by the State for an instruction to the jury on "flight."
On the fourth day of trial defendant failed to appear at the start of the morning court session. The court directed that inquiry be made as to his whereabouts. Outside the presence of the jury testimony was taken from the mother of defendant's girlfiend to the effect that defendant and the witness' daughter had at 4 A.M. on the previous night, packed their belongings and despite the mother's pleas left her home in defendant's car. The avowed reason for the departure was to escape the potential consequences of a jury verdict.
The testimony during trial graphically revealed that a vicious and brutal attack upon a 23-year-old girl occurred at dusk on a city street in Union City. After shopping at a local store the victim, while entering her vehicle, was accosted by a person wielding a razor-type knife. Immediately after the event and also at trial she positively identified defendant as the person who first assaulted her by cutting her on her hands, neck and left breast with the knife before he raped her on the sidewalk next to her car. Following defendant's arrest a search of his home and car under a warrant *200 turned up clothes which the victim identified as those worn by defendant on the night of the attack.
The court, being fearful that defendant had left or was about to leave the jurisdiction, issued a bench warrant for his arrest and directed forfeiture of his bail.
The right to a "flight" instruction by the court generally applies in the context of flight which occurs immediately following or shortly after the occurrence of the criminal event.
There appears to be no reported New Jersey case directly on point relative to the right of the court to advise the jury of the facts surrounding the departure of a defendant during trial and the giving of a "flight" instruction based on such facts. However, this court is of the view that if flight can be shown as reflective of a possible consciousness of guilt where it occurred close on to the criminal event it defies reason to deny the jury the right to factually know why the flight occurred at some later time.
The court, in passing, notes that the evidence of the guilt of this defendant at the time when he departed the courtroom scene was more than sufficient for the jury to return a guilty verdict. Because of the vicious and inhuman nature of the assault, defendant in all likelihood fully realized that if he was found guilty and found to be medically and legally responsible for his acts, a long-term period of incarceration would be appropriate, subject to mitigating factors that might appear in a probation pre-sentence investigation report.
Flight in the criminal law is defined as "the evading of the course of justice by voluntarily withdrawing oneself in order to avoid arrest or detention, or the institution or continuance of criminal proceedings * * *." Black's Law Dictionary (4th ed. 1968); People v. Griffin, 23 Ill. App.3d 461, 318 N.E.2d 671 (D. Ct. App. 1974) (emphasis added).
New Jersey courts have long recognized that flight, in certain circumstances, is relevant and probative in a criminal trial to prove consciousness of guilt. State v. Wilson, 57 N.J. 39, 49 (1970); State v. Sullivan, 43 N.J. 209, 238-239 *201 (1964), cert. den. 382 U.S. 990, 86 S.Ct. 564, 15 L.Ed. 2d 477 (1966); State v. Apostolis, 133 N.J. Super. 175 (App. Div. 1975); State v. Jones, 94 N.J. Super. 137 (App. Div. 1967); State v. Petrolia, 45 N.J. Super. 230, 234 (App. Div. 1957), certif. den. 25 N.J. 43 (1957), cert. den. 355 U.S. 942, 78 S.Ct. 431, 2 L.Ed.2d 422 (1958); State v. D'Amato, 26 N.J. Super. 185 (App. Div. 1953); State v. Centalonza, 18 N.J. Super. 154, 161 (App. Div. 1952).
Motive for departure is an essential element with regard to consideration of flight as evidence of guilt. State v. Wilson, supra; State v. Apostolis, supra at 179. Therefore, only when a basis for such motive is presented, can a jury properly consider flight in this context.
State v. Petrolia and State v. Jones, supra, deal with flight at a time somewhat distant from the criminal incident. In Petrolia defendant was arrested and charged with a crime on August 7, 1950. He was released on substantial bail and shortly thereafter disappeared. He was found four years later in Illinois where he was living and working under an assumed name. The jury was instructed that unexplained flight was a sufficient circumstance to raise an inference of guilt, and the Appellate Division upheld that instruction.
In Jones defendant was suspected of armed robbery and other crimes. A police officer found defendant in a restaurant 18 days after the commission of the crimes, and defendant agreed to accompany him to police headquarters. There was testimony that defendant then attempted to flee from the police car on two occasions. The court sustained the validity of the flight charge on the basis that defendant was fleeing from custody, which, in the court's view, implied a consciousness of guilt.
Under R. 3:16, it is clear that a defendant's voluntary absence from his trial after it has commenced does not have the effect of forcing a stay of the proceedings on constitutional grounds. Taylor v. United States, 414 U.S. 17, *202 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912). R. 3:16 is sometimes invoked when a defendant cannot stand the rigors or excitement of trial, but here the only plausible reason to account for defendant's absence from trial is his desire to evade the potential results of the judicial process.
The courts of California have considered the issue raised here. In People v. Vargas, 53 Cal. App.3d 516, 126 Cal. Rptr. 88 (D. Ct. App. Div. 1975), defendant appeared at the first day of his trial but failed to appear on the second day. A witness testified that she saw defendant running from the courthouse early in the morning of the second day of trial. The trial judge charged on flight. The appellate court considered the fact that ordinarily the time of escape from jail goes to the weight of the evidence and not to its admissibility. Based on this logic the court stated that similar consideration should apply to one who has voluntarily absented himself from his trial (126 Cal. Rptr. at 98). The court held that an inference could legitimately be drawn from defendant's failure to physically appear.
It is noteworthy that the California Penal Code, § 1043, has a similar provision to our R. 3:16, which allows a trial to proceed after the defendant has voluntarily absented himself.
The Vargas court considered the rationale of People v. Terry, 2 Cal.3d 362, 85 Cal. Rptr. 409, 466 P.2d 961 (Sup. Ct. 1972), cert. den. 406 U.S. 912, 92 S.Ct. 1619, 32 L.Ed.2d 112 (1972), a case in which defendant had escaped from jail before trial. Terry was cited for the proposition that it is
* * * probable that only one who expects his guilt to be proved at trial will attempt an escape and that an innocent man will stay for trial in order to clear his name, and win lawful liberty * * * [85 Cal. Rptr. at 430, 466 P.2d at 982]
*203 In Vargas the "flight" instruction only permitted an inference to be drawn from defendant's physical absence. The jury was expressly instructed to draw no inference from defendant's failure to testify.
Under similar circumstances, the court in People v. Snyder, 56 Cal. App.3d 195, 128 Cal. Rptr. 297 (D. Ct. App. 1976), held that it was for the jury to determine whether defendant's conduct amounted to flight and the significance and weight to attach to such factor. In Snyder defendant failed to appear on the second day of trial, the courthouse was searched, his bail forfeited and a bench warrant issued. He appeared for sentencing 3 1/2 months later.
Certainly, in the situation before this court, no true distinction can be drawn between one incarcerated pending trial and one at liberty on bail during trial. The flight of a person in either circumstance, if adduced from the proofs, may evidence consciousness of guilt. Whether such an inference is to be drawn, is ultimately for a jury's determination, based on all of the facts and circumstances it has before it.
The court is mindful of a decision of the Supreme Judicial Court of Maine which considered similar factual circumstances. In State v. Staples, 354 A.2d 771 (Maine Sup. Ct., 1976), when defendant disappeared during trial after highly incriminatory evidence was presented against him, the judge, without specific information as to why defendant absented himself, instructed the jury that the defendant had disappeared and that he (the judge) assumed it to be voluntary.
The high court of Maine declared that in such circumstances the "jury should be informed only that the defendant has made a choice not to be present at the trial" (354 A.2d at 779). This court respectfully views this analysis as inapplicable in situations where flight with the intent to evade the processes of criminal justice is persuasively shown.
The Fifth Amendment problem with respect to a defendant's right not to testify at trial and of his further *204 right to have the court instruct the jury, when requested, that no inference of guilt is to be drawn from his election not to testify, must be addressed. State v. Apostolis, supra at 178. It is ordinarily defendant's decision as to whether an instruction is to be given on his constitutional right not to testify. However, where defendant has voluntarily absented himself from trial his counsel has the right to, and here did, request the court in its instructions to the jury to remain silent on this issue.
Based on the logic of the law of flight, that voluntary departure often evidences a consciousness of guilt when considered with the underlying policy of Evid. R. 7(f) that all relevant evidence is admissible unless excluded under some other evidence rule, the court is satisfied that the State may present evidence of defendant's flight. It is for the jury to determine whether such conduct rises to the level of consciousness of guilt. In addition thereto, the court will present to the jury an appropriate instruction on flight.