574 P.2d 1308

**The STATE of Arizona, Appellee,**

v.

**Fernando G. CAMINO, Appellant.**

**No. 2 CA–CR 1099.**

Court of Appeals of Arizona,
Division 2.

Nov. 4, 1977.

Rehearing Denied Dec. 14, 1977.

Review Denied Jan. 10, 1978.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Thomas G. Bakker, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender, by Michael P. Roca, Asst. Public Defender, Tucson, for appellant.

OPINION

RICHMOND, Judge.

Appellant was tried in absentia and found guilty of assault with a deadly weap-

on. He was sentenced in absentia to a prison term of not less than 60 nor more than 75 years to commence as of the date of his delivery to the state prison. He raises four issues on appeal:

1. Did the court err in proceeding with the trial in his absence?

2. Did the court err in taking judicial notice of certain matters pertaining to his absence?

3. Did the court err in giving instructions, on flight and implying that absence from judicial proceedings constituted flight?

4. Should the court have undertaken to sentence him as and when it did?

Appellant and his wife and children resided in New York City prior to August, 1975, when his wife left him and moved with their children to Tucson. On September 25, 1975, appellant came to Tucson to see his wife and discuss their future. During the evening, as the two of them were talking near the apartment house pool, appellant repeatedly stabbed his wife with a kitchen knife. As she lay in a pool of blood, appellant left the apartment complex, telling witnesses that he had just killed his wife and asking them to phone the police. Appellant went to a nearby convenience market, phoned the police himself and when they arrived approached their car confessing his guilt and was arrested.

At his initial appearance the following day, appellant signed the standard condition of release order which informed him of the right to be present at trial and warned him that trial would proceed without him if he did not appear. He received the same warning from the court at his arraignment. Bail originally was set at $22,000 but he was unable to raise that amount and it subsequently was reduced to $15,000. On January 12, 1976, appellant was present at a hearing at which counsel stipulated to a January 29 trial date if appellant were found by the court to be competent to stand trial. That same day, appellant's sister posted a cash bond and he was released.

Approximately January 16, appellant met with his attorney at a local hotel. The attorney informed him that he had to be present for a hearing on January 20 and the trial set for January 29. Appellant has not been heard from since the meeting in the hotel.

■ Prior to trial the court heard arguments and determined that appellant's absence was voluntary. 17 A.R.S. Rule 9.1, rules of Criminal Procedure. We find no abuse of discretion in the finding and in proceeding in appellant's absence. *State v. Goldsmith*, 112 Ariz. 399, 542 P.2d 1098 (1976).

■ Appellant's contention that matters in the court file pertaining to his absence were not properly subject to judicial notice is without merit. The superior court may properly take judicial notice of its own records. *State v. George*, 98 Ariz. 290, 403 P.2d 932 (1965).

The court read the following statement to the jury:

"At the request of the County Attorney the Court has taken judicial notice of the Court's own file and record in this case which show that the defendant was given notice of the trial date; that he was given notice that he had a right to be present at his trial; and that if he did not appear for trial the trial could go forward without him.

"The Court records further show that a cash appearance bond in the amount of $15,000 was posted for the defendant prior to January 27, 1976; the defendant was released from custody upon the posting of the bond."

The court was taking notice of the conditions of release signed by appellant at his initial appearance, the minute entry from the arraignment, and the notice given to appellant and his counsel as reflected in a transcript of the arraignment hearing. The court records also show that appellant posted bond and was released on January 12, 1976.

■ Without more, however, those facts did not justify the jury instructions on

flight and its implications, to which defense counsel properly objected. In *State v. Roderick*, 9 Ariz.App. 19, 448 P.2d 891 (1969), on which the state relies, evidence was introduced to show that a bench warrant was issued for defendant's arrest for failure to appear at the time originally set for his trial, and that extradition proceedings were initiated in the State of Washington. This court held those facts would support an inference that the defendant was concealing himself from prosecution, justifying the giving of an instruction similar to those challenged here. Mere absence of the defendant at the time set for trial after being released on bond, however, while adequate to support an inference under Rule 9.1 that the absence is voluntary, is insufficient to support an inference of the element of concealment or attempted concealment, which is essential to warrant the giving of a flight instruction unless the flight or attempted flight is open, as upon immediate pursuit. *State v. Owen*, 94 Ariz. 404, 385 P.2d 700 (1963).

■ Although error, the giving of the challenged instructions does not merit reversal. In substance, the jury was informed that flight is a circumstance which may tend to prove consciousness of guilt. Inasmuch as several witnesses testified appellant told them he had killed his wife, and she described the attack on her, the error was harmless beyond a reasonable doubt and could not possibly have influenced the verdict. *State v. Hixson*, 16 Ariz.App. 251, 492 P.2d 747 (1972).

Lastly, appellant contends that the court erred in sentencing him as and when it did. Following the jury verdict of guilty, sentencing was set for February 17, 1976, and then continued until February 27, 1976. On that date the following exchange took place:

"THE COURT: Case No. A–28708, State versus Fernando G. Camino. This is the time set for sentencing.

"MR. HAMILTON: I will tell the Court I have no knowledge of Mr. Camino's whereabouts.

"THE COURT: Well, I would prefer to continue the sentencing until Mr. Camino is in custody.

"MR. HAMILTON: I don't have any objection to that. I prefer that, too.

"THE COURT: The county attorney?

"MS. NASH: That's fine, Your Honor.

"THE COURT: I'll continue this subject to call until the defendant is in custody and the Court can have a presentence report.

"I'll set the sentencing and have the defendant brought before the Court and have the sentencing at such time he is brought into custody."

Although appellant was never taken into custody, he was sentenced on February 18, 1977, by the same judge who had tried the case. The court stated that the order of February 27, 1976, carried a condition that appellant be taken into custody within a reasonable period of time.

■ Appellant raises the time limits imposed by Rule 26.3, Rules of Criminal Procedure. These time limits are not jurisdictional. *State v. Smith*, 112 Ariz. 208, 540 P.2d 680 (1975). Appellant also calls to our attention Rule 26.9. His right to be present at the time sentence was pronounced was waived by his voluntary absence. *State v. Davis*, 115 Ariz. 3, 562 P.2d 1370 (App.1977).

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.