OPINION OF THE COURT
James G. Starkey, J.
Two questions were presented during the trial of the captioned case when, while jury selection was in progress, defendant Richard Anglin jumped bail and became a fugitive.
1. Should trial of defendant Anglin (on a charge of robbery in the first degree and related charges) proceed in absentia?
2. If the trial were to proceed in absentia, would evidence of defendant Anglin’s fugitive status be admissible and entitle the prosecution to a charge to the jury concerning flight?
Each question was answered in the affirmative and this decision has been written to elucidate those rulings.
1. TRIAL IN ABSENTIA
It is true that a defendant who has received notice of a date for trial does not necessarily waive the right to be present by voluntarily failing to appear, when the defendant has not been warned that the trial would proceed in his absence. (See, People v Parker, 57 NY2d 136 [1982].) The rule of the Parker case, however, was inapplicable to the situation presented here. In the first instance, the defendant Anglin had been warned that the trial would proceed in absentia if he should voluntarily fail to appear. More important, it is now settled that the rule of the Parker case does not apply after jury selection has begun, or even after a defendant has been directed to report to a Trial Part for the commencement of trial. In such circumstances, a knowing and intelligent waiver of the right to be present is no longer necessary. Such a defendant simply forfeits his right to be present. (People v Sanchez, 65 NY2d 436, 443-444 [1985].)
2. A — ADMISSIBILITY OF EVIDENCE CONCERNING FLIGHT
The principle that evidence of flight is admissible to show consciousness of guilt has plain application when a fugitive is tried in absentia. (See, e.g., United States v DeLeon, 498 F2d 1327, 1331 [7th Cir 1974]; Hanks v United States, 388 F2d 171, 175 [10th Cir], cert denied 393 US 863 [1968]; Rowan v United States, 277 F 777 [7th Cir 1921], cert denied 257 US 660 [1922]; State v Roderick, 9 Ariz App 19, 448 P2d 891 *989 [1968]; People v Snyder, 56 Cal App 3d 195, 128 Cal Rptr 297 [1976]; People v Vargas, 53 Cal App 3d 516, 126 Cal Rptr 88 [1975].) Further, the New York Court of Appeals has gone so far as to hold admissible, and the basis for a jury charge concerning flight, evidence of an attempted escape from jail by a defendant awaiting trial — rejecting the interesting argument that the evidence of guilt was ambiguous because there were charges pending against the defendant in Ohio as well as New York. (See, People v Yazum, 13 NY2d 302 [1963].) In this light there is plainly no basis for exempting the more successful fugitive who is tried in absentia. (See, State v Andrial, 150 NJ Super 198, 201-202, 375 A2d 292, 294 [1977].)
It is true that there is some authority for the proposition that it is error to receive evidence of flight on the part of a defendant being tried in absentia. (See, People v Reyes, 72 AD2d 512 [1st Dept 1979] [admission of such evidence ruled error; no authority cited]; State v Staples, 354 A2d 771 [Me 1976] [practice approved of merely informing the jury that the defendant had made a choice not to be present and, in cases where they became aware of defendant’s conduct, instructing them to give no weight to the act of flight].) As indicated above, however, both cases are inconsistent with the position of the Court of Appeals in People v Yazum (supra) and the weight of authority.
B — QUANTUM OF EVIDENCE NECESSARY FOR FLIGHT CHARGE
Some disagreement exists as to the amount of evidence necessary before the prosecution is entitled to a charge concerning flight but, generally speaking, little has been required.[1] For example, in People v Snyder (56 Cal App 3d 195, 128 Cal Rptr 297, supra) it was held that the court had *990 properly given a flight charge when the jury had observed the defendant’s absence but had been given no further information whatsoever on the subject. The court ruled that: "It was proper for the trial court to instruct the jury [concerning flight] since in the absence of any explanation it would be reasonable to infer that defendant’s absence was voluntary”. (People v Snyder, supra, 56 Cal App 3d, at 199, 128 Cal Rptr, at 299.)
Some courts also have taken the position that where the defendant has in fact been a fugitive, he will not be heard to complain that there was insufficient evidence before the jury to support a flight charge. (See, e.g., United States v DeLeon, 498 F2d 1327 [7th Cir 1974], supra.) There, the court was relatively untroubled by a charge concerning flight which could have been construed as applying to a defendant named Gloria Diaz, and which would then have been based upon mere absence. During the trial, the defendant Diaz failed to appear on the afternoon of the second day. The Judge told the jury that she was unable to be present and had waived her right to be present, but refused to tell them that Diaz was absent without permission. The court then charged the jury concerning flight — a charge intended to apply to the codefendant DeLeon who had fled the initial arrest. (United States v DeLeon, 498 F2d, supra, at 1331.) The Court of Appeals was unsympathetic to the argument that the charge apparently included the defendant Diaz and was unsupported by the evidence. It was observed that the defendant Diaz had not been apprehended for AVz months after the trial and "[e]ven if the jury understood the flight instruction as applying to Diaz’ absence from trial, there was no prejudice since her own counsel did not know her whereabouts, and no plausible excuse for her absence has been offered.” (United States v DeLeon, 498 F2d, supra, at 1331; see also, People v Vargas, 53 Cal App 3d 516, 531, 126 Cal Rptr 88, 98, supra.)
Again, at least two courts have upheld convictions in cases where the jury was charged concerning flight even though all of the testimony tending to show voluntary absence had been received outside their presence. (See, People v Vargas, supra; State v Andrial, 150 NJ Super 198, 375 A2d 292, supra.)[2]
*991 It should be noted, however, that each court also held it permissible for the Trial Judge to make statements to the jury tending to suggest that the absence was voluntary. In the Vargas trial, the trial court flatly stated: " 'It appears [the defendant] has voluntarily left.’ ” (Supra, 53 Cal App 3d, at 522, n 2, 126 Cal Rptr, at 93, n 2.) In the Andrial case, the court advised the jury "of the facts surrounding the departure of [the] defendant” (supra, 150 NJ Super, at 200, 375 A2d, at 293). Aside from the evidence, then, additional information was conveyed to the jury in those cases by means of something in the nature of judicial notice, and perhaps the cases are best understood in that light.* *[3]
But whatever the extent of evidence (or judicial notice) required, it is clear — as noted above — that the weight of authority supports the admissibility of evidence of the flight which gives rise to trial in absentia. Further, there is considerable authority for the proposition that flight can be established by evidence of unsuccessful efforts of the police to find the defendant. (See, e.g., United States v Malizia, 503 F2d 578, 582 [2d Cir 1974]; United States v Waldman, 240 F2d 449, 451-452 [2d Cir 1957]; Kanner v United States, 34 F2d 863, 866 [7th Cir 1929].) Such efforts are invariably made to establish that the absence is voluntary, before a trial is begun or continued in absentia. (See, e.g., People v Hicks, 90 Misc 2d 609, 611 [Sup Ct, NY County 1977], affd 68 AD2d 1019 [1st Dept 1979]; see also, People v Vargas, 53 Cal App 3d 516, 526, 126 Cal Rptr 88, 95, supra.) In that fashion, it was established in this case that the defendant could not be found at home, or in the custody of the police, or in the custody of the Department of Correction, or in certain hospitals, or the city morgue. In accordance with the authorities cited above, that evidence was ruled admissible and more than sufficient to support a charge to the jury concerning flight.

. This may be less true in Arizona, a jurisdiction where defendants are routinely and invariably warned that trial will be commenced in absentia should the defendant voluntarily fail to appear. (See, State v Camino, 118 Ariz 89, 89-90 [Ct App], 574 P2d 1308, 1309 [1977]; see also, 17 Ariz Rev Stat Annot rule 9.1 [1973], and Form VI, at 737.) In the Camino case, it was held that while failure to appear for the commencement of trial was sufficient to infer voluntary absence and proceed to trial in absentia, it was "insufficient to support an inference of the element of concealment or attempted concealment, which is essential to warrant the giving of a flight instruction unless the flight or attempted flight is open, as upon immediate pursuit.” (State v Camino, supra, 118 Ariz, at 91, 574 P2d, at 1310.) The court contrasted the Camino case with State v Roderick (9 Ariz App 19, 448 P2d 891 [1968]), where evidence revealed that a bench warrant had been issued when the defendant failed to appear for trial and that extradition proceedings had commenced in the State of Washington.

. In the Vargas case, the testimony received out of the presence of the jury was that the defendant was seen running through the courthouse parking lot shortly before the trial was to begin. (People v Vargas, 53 Cal App 3d 516, 523, 126 Cal Rptr 88, 93.) In the Andrial case, testimony was *991 admitted out of the jury’s presence that the defendant and his girlfriend had packed their belongings and had departed in the defendant’s car on the evening prior to the commencement of his trial. (State v Andrial, 150 NJ Super 198, 199, 375 A2d 292, 293.)

. (See also, State v Camino, supra, 118 Ariz 89, 574 P2d 1308.) There the court held that it was proper for the trial court to take judicial notice of its records which recorded both notification to the defendant of the trial date and his right to be present, and warning that the trial would proceed if he failed to appear. (State v Camino, supra, 118 Ariz, at 90, 574 P2d, at 1309.)