The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Henry TAFOYA, Defendant–Appellant.

No. 90CA1147.

Colorado Court of Appeals,
Div. IV.

March 12, 1992.

As Modified on Denial of
Rehearing April 9, 1992.

Certiorari Denied Aug. 17, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., A. William Bonner, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, Henry Tafoya, appeals from the trial court's order denying his Crim.P. 35(c) motion challenging his 1971 conviction of second degree burglary in El Paso County, Colorado. (District Court Case No. 71CR15355). We affirm.

In 1971, defendant and his brother were charged with second degree burglary of a gas station. During a recess in a jury trial on those charges, near the end of the prosecution's case, both defendants left the courtroom and did not reappear. After approximately 4½ hours, following unsuccessful efforts to locate the defendants, the trial court continued the trial in their absence and over defense counsel's objection and request for mistrial. The jury found both defendant and his brother guilty. Defendant was subsequently returned to the court and sentenced to a term of 3 to 6 years.

In August 1987, defendant filed a Crim.P. 35(c) motion challenging his conviction. Ultimately, in June 1990, following a hearing, the court denied defendant's motion.

## I.

Defendant contends that the evidence was insufficient to sustain his conviction for second degree burglary. We disagree.

■ Challenges to the sufficiency of the evidence to support a criminal conviction require a reviewing court to determine whether the evidence, both direct and circumstantial, when viewed as a whole and in a light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime beyond a reasonable doubt. *Taylor v. People*, 723 P.2d 131 (Colo.1986).

■ Here, evidence was presented at trial that, at about midnight, defendant, his brother, and two women parked their car about one to two blocks from the gas station in question. First his brother and then defendant left the car. Soon thereafter, a police officer, investigating a sound of breaking glass, found the glass door of the gas station broken and subsequently apprehended defendant's brother inside the closed station.

Shortly thereafter, another officer, responding to the first officer's call for assistance, saw defendant running across a field approximately 50 to 75 yards from the service station. When the officer shined his spotlight on defendant, defendant dropped down to the ground as if to avoid detection. The officer testified that defendant's footprints in the snow came from the direction of the gas station.

This evidence was sufficient to convict defendant of second degree burglary.

## II.

Defendant also contends that the court denied him a fair trial by instructing the jurors that they could consider the defendant's flight from trial as an indication of guilt. We disagree.

■ As a general rule, errors in jury instructions do not constitute fundamental error that would provide a basis for collateral attack. *People v. Shearer*, 181 Colo. 237, 508 P.2d 1249 (1973). However, the propriety of such review has not been raised. Thus, we address the issue presented.

■ Here, after the defendant and his brother could not be found for some hours following a trial recess, the court decided to continue with the trial. The court then cautioned the jury that the burden was still on the People to prove guilt beyond a reasonable doubt and that the presumption of innocence still prevailed. It further told the jury that "what weight, if any, [that] is

to be given to [the defendants'] absence, will be given to you in the instructions of the Court after the case is complete."

At the trial's conclusion, the court submitted the following instruction to the jury.

If you believe that the defendants voluntarily failed to appear in this matter after the commencement of the trial, such failure would be a circumstance, not sufficient in itself to establish the guilt of the defendants, but a circumstance which could indicate a guilty conscience, and which you may consider in connection with all the other facts and circumstances proven at trial, in determining the question of the guilt or innocence of one or both of the defendants. It is for you to determine from the evidence whether such failure to appear was caused by a guilty conscience or by some other and innocent motive.

No Colorado case has discussed the applicability of this type of instruction under circumstances in which a defendant leaves after trial has begun. All previous cases concern a defendant's flight to avoid apprehension after commission of the crime. *See, e.g., People v. Rogers,* 690 P.2d 886 (Colo.App. 1984). However, our supreme court has previously upheld giving such an instruction when the flight was not immediate. *People v. Fletcher,* 193 Colo. 314, 566 P.2d 345 (1977).

In *Fletcher, supra,* the court held that where the defendant had reason to believe that he had committed a crime, that his identity was known, and that his pursuit and apprehension would probably ensue, and where he fled or concealed himself for a time to frustrate his apprehension, an instruction on flight was not error.

Here, the defendant left near the end of the prosecution's case, his identity was known, and he was returned to the court a few months later.

Further, a number of courts addressing this issue have concluded that it is not error to instruct a jury that a defendant's voluntary absence from trial can be considered as evidence of guilt. *See United States v. Hyson,* 721 F.2d 856 (1st Cir. 1983); *People v. Snyder,* 56 Cal.App.3d 195, 128 Cal.Rptr. 297 (1976); *Sorrell v. State,* 315 Md. 224, 554 A.2d 352 (1989); *State v. Andrial,* 150 N.J.Super. 198, 375 A.2d 292 (1977), *aff'd,* 203 N.J.Super. 1, 495 A.2d 878 (1985); *People v. Anglin,* 136 Misc.2d 987, 519 N.Y.S.2d 586 (1987); *see also Edwards v. State,* 188 Ga.App. 667, 374 S.E.2d 97 (1988); *State v. Tidmore,* 604 S.W.2d 879 (Tenn.Cr.App.1980); *Martin v. State,* 727 S.W.2d 820 (Tex.App.1987). *But see State v. Staples,* 354 A.2d 771 (Me. 1976); *Nebraska v. Sayers,* 211 Neb. 555, 319 N.W.2d 438 (1982); *Washington v. Jefferson,* 11 Wash.App. 566, 524 P.2d 248 (1974).

Such instructions have been found appropriate when the defendant voluntarily and knowingly absented himself and the trial court made a reasonable inquiry, through counsel, as to his whereabouts before continuing the case. *See People v. Snyder, supra; Sorrell v. State, supra.*

■ Here, the evidence supported the giving of such an instruction, and, although the use of the term "consciousness of guilt" is preferable to "guilty conscience," we conclude it was not error for the instruction to be given. *See People v. Rogers, supra; People v. Armendariz,* 684 P.2d 252 (Colo.App.1983), *aff'd in part, rev'd in part on other grounds,* 711 P.2d 1268 (Colo.1986).

### III.

Defendant further contends that he received ineffective assistance of counsel as a result of his attorney's joint representation of both himself and his brother at trial. We disagree.

■ In order to succeed on a claim of ineffective assistance of counsel, a defendant must demonstrate that defense counsel's performance at trial was below the level of reasonably competent assistance to which an accused is constitutionally entitled. *People v. Drake,* 785 P.2d 1257 (Colo. 1990).

■ This requires a defendant to show that his attorney was not functioning as the "counsel" guaranteed to him by the Sixth Amendment. Because of the difficulties inherent in making the evaluation, a

court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. That is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *People v. Drake, supra.*

■ Generally, a defendant must also show that the deficient performance prejudiced the defense. This requires showing that the counsel's errors were so serious as to deprive the defendant of a fair trial, *i.e.,* a trial whose result is reliable. To establish prejudice, the defendant must show that there is a reasonable possibility that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *People v. Drake, supra.*

■ However, joint representation does not per se violate the right to effective assistance of counsel. *Armstrong v. People,* 701 P.2d 17 (Colo.1985). A defendant who raised no objection at trial to the joint representation must demonstrate that an *actual* conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *People v. Drake, supra.*

■ However, once an actual conflict of interest is shown, no further demonstration of prejudice is necessary; prejudice is presumed. *Burger v. Kemp,* 483 U.S. 776, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987); *Armstrong v. People, supra.*

■ When a substantial disparity of evidence or of charges exists, usually an actual conflict of interest also exists. *See Armstrong v. People, supra* (actual conflict existed where co-defendants were charged with greatly divergent conduct and the great bulk of evidence was directed toward one defendant's culpability).

■ Here, neither defendant nor his brother objected to the joint representation. Further, both defendants were charged with second degree burglary, and, although the evidence was stronger as to defendant's brother's guilt, the great bulk of evidence was not directed towards his culpability.

Further, this case is also distinguishable from *Armstrong v. People, supra,* in that neither defendant testified or was even available to testify. Defense counsel was therefore not faced with the possibility of commenting on the credibility of one defendant to the detriment of the other. Also, there was no conflict between the defenses presented by each defendant.

However, defendant argues that ineffective assistance is shown by the failure of his trial counsel to argue zealously for his acquittal. The record reflects otherwise.

The defense in this case presented no evidence. However, in closing argument, counsel argued persuasively that defendant's leaving the car after his brother, ostensibly to find where he had gone, was inadequate to indicate that he had given any assistance in the burglary.

■ Defendant also contends that an actual conflict of interest existed in the plea bargaining stage because the different weight of evidence against the two defendants would have given defendant an advantage in plea bargaining if he had had his own attorney, and because counsel could not argue that defendant should receive a more lenient offer without prejudicing co-defendant's position. However, defendant has failed to show that the evidence would not support separate arguments for each co-defendant without prejudicing the other and without forcing counsel to choose one argument over the other; thus, we do not agree that an actual conflict existed.

Defendant's remaining contentions of an actual conflict of interest are without merit. Nor do we find any other indication in the record of deficient representation. Therefore, we conclude that defendant has not shown ineffective assistance of counsel.

Order affirmed.

PLANK and HUME, JJ., concur.