GERMAN, Etc. *v.* STATE

[No. 218, September Term, 1962.]

*Decided March 15, 1963.*

The cause was argued before BRUNE, C. J., and PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Stephen M. Ehudin* for appellant.

*Loring E. Hawes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney,* and *Dene L. Lusby, Assistant State's Attorney,* on the brief, for appellee.

PER CURIAM.

Appellant was convicted in a non-jury trial of assault with intent to murder and sentenced to imprisonment. The only question he raises on this appeal is the sufficiency of the evidence to sustain his conviction.

Only the appellant and the victim, one Brantley, testified as to the circumstances surrounding the crime and their versions were conflicting. From the evidence presented the trial judge could find the following facts. After a dice game in which Brantley won the appellant's money, bad feelings developed

and the two met in several bouts of fisticuffs during the same evening, the last of which terminated in Brantley's favor. Appellant fled, armed himself with a revolver retrieved from a hiding place, and went to a bar at which Brantley was standing. Appellant said to Brantley, "I am going to kill you," took the gun from his pocket, and, when Brantley turned his back, shot him. Appellant attempted to shoot again, but the gun misfired.

We think it is obvious that there was ample evidence from which the trial court could find malice and a specific intent to murder in this assault by appellant. *Beall v. State,* 203 Md. 380. The trial court was not required to believe appellant's statement that he fired the shot when Brantley put his hand in his pocket as if to pull a gun (which, as well as the possession of a gun, was denied by Brantley). Certainly we cannot say the trial court was clearly erroneous in finding the verdict.

*Judgment affirmed.*