## COATES *v.* STATE

[No. 351, September Term, 1962.]

*Decided June 18, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Herman Berlin* for appellant.

*Franklin Goldstein, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney,* and *George J. Helinski, Assistant State's Attorney,* on the brief, for appellee.

PER CURIAM.

Melvin James Coates was convicted by a jury of robbery with a deadly weapon and sentenced to twenty years in the Maryland Penitentiary, to begin at the expiration of the sentence he was then serving in the Maryland House of Correction.

On this appeal he contends that the lower court erred in refusing to grant his motion for a directed verdict of acquittal at the conclusion of all of the evidence, claiming that the only witness who identified him as one of the participants in the crime was Miss Margie McKoy. She was a customer in Alliker's Pharmacy, at about 11 p. m., on March 11, 1961, at the time three men participated in the robbery. One of the men had a pistol and another had a shot gun. The men took a fifth of whiskey, three watches, cash in excess of $200, and a package from a customer of the pharmacy. At a line-up held on April 30, 1962, Miss McKoy specifically identified appellant from among six men in the line-up as the participant in the robbery who held the pistol. She also identified him at the trial in the court below as the participant who held the pistol.

The trial judges were clearly correct in denying appellant's

74

motion for a directed verdict of acquittal. This Court has held many times that identification by a single eye-witness, if believed, is sufficient to support a conviction.

In his brief appellant also contends that the lower court erred in its rulings on the admissibility of evidence. However, neither in his brief nor his oral argument did the appellant mention any incorrect rulings on the evidence and in his brief appellant merely contends that the evidence was insufficient to sustain his conviction. We have consistently held that in order to overturn a judgment for insufficiency of the evidence it would be necessary to show that there was no legally sufficient evidence or inferences to be drawn therefrom from which a jury could find a defendant guilty beyond a reasonable doubt. *Wright v. State,* 222 Md. 242, 159 A. 2d 636, and cases cited therein. The fact that other witnesses to the robbery were unable to identify the defendant was a matter to be considered by the jury, and the jury was entitled to believe the testimony of the only eye-witness, Miss McKoy, who was able to identify the appellant.

*Judgment affirmed.*