## SMITH *v.* STATE

[No. 180, September Term, 1963.]

*Decided January 30, 1964.*

The cause was submitted to BRUNE, C. J., and HENDERSON, HAMMOND, MARBURY and SYBERT, JJ.

Submitted on brief by *Gerald N. Klauber* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Fred Oken, Assistant Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Edward Wyatt, Assistant State's Attorney,* for the appellee.

PER CURIAM.

Found guilty by the trial court, sitting without a jury, on both counts of an indictment charging him with assault with intent to rob and assault, Roger Eric Smith appeals from the judgment and sentence of five years in the Maryland House of Correction. By letter from the appellant directing him to do so, counsel in his brief has challenged the sufficiency of the evidence to convict. The case is one of a growing line of appeals prosecuted *in forma pauperis* and, like many, is devoid of merit.

The unequivocal testimony of the prosecuting witness, Linwood Reynolds, was that Smith and a companion attacked him on a public street and tried to rob him of his wallet containing $300. At the approach of a police cruiser the assailants fled but were promptly apprehended. Returned to the scene of the attack, they were identified by Reynolds and also identified by him at the trial.

The defense summoned several witnesses but none appeared.

The trial judge inquired whether their testimony was required, and defense counsel stated he had talked to the witnesses and that their testimony would not be helpful. Smith agreed that this was correct. At the trial his version of the occurrence was that he accidentally backed into the prosecuting witness precipitating the fight.

The testimony of a single eyewitness is sufficient to sustain a conviction, *Coates v. State,* 232 Md. 72, 191 A. 2d 579, but in addition, the court heard evidence of the appellant's flight from the scene which is a factor which may be considered in determining guilt. *Clay v. State,* 211 Md. 577, 584, 128 A. 2d 634. One of the functions of the lower court hearing a case without a jury is to determine the credibility of the witnesses, and even where there is a conflict in the testimony the court must decide whom to believe. *German v. State,* 231 Md. 111, 188 A. 2d 699. There was evidence or proper inferences therefrom on which the trier of facts could base a finding of guilt beyond a reasonable doubt. *Howell v. State,* 233 Md. 145, 195 A. 2d 592.

*Judgment affirmed.*