BOWLER *v.* STATE

[No. 159, September Term, 1963.]

*Decided February 13, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, MARBURY and SYBERT, JJ.

*John R. Hargrove* for the appellant.

*Gerard Wm. Wittstadt, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Stanley S. Cohen, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

The appellant was convicted of possession of a narcotic drug and sentenced to serve five years in the Maryland Penitentiary. The only question presented on this appeal is whether the arrest of the appellant and seizure of the narcotics were lawful.

In the early morning of February 8, 1963, the appellant arrived by bus from New York at the Trailways Terminal in Baltimore. Two police officers were waiting for him with orders to follow him after he left the terminal. Both officers testified that after they had followed the appellant a short distance, he turned, saw them, and began to run, but tripped and fell over a street curb, at which time he either threw or dropped a glassine package from his right hand. They further testified that when they saw the package, they recognized that it contained narcotics. The officers stated that it was only after the identification of the package as narcotics that they placed the appellant under arrest and found on him 22 decks of heroin. On the other hand, the appellant testified that the officers accosted him, placed him against a wall, took twenty-two bags of heroin from his pockets, and then he attempted to flee and fell over the street curb. The appellant claimed that the only things he had in his hands were a newspaper and a bag of doughnuts which were found at the place of the arrest.

We think the evidence was sufficient to permit a finding that the arrest and seizure were lawful. It is elementary in this State that a police officer may arrest without a warrant a person who commits a misdemeanor in his presence. *Robinson v. State,* 229 Md. 503, 184 A. 2d 814 (1962). The evidence was sufficient to justify the conclusion that a misdemeanor was being committed in the presence of the arresting officers and therefore the arrest and seizure were justified. The lower court was not required to believe the appellant's version of what took place. *German v. State,* 231 Md. 111, 188 A. 2d 699 (1963).

*Judgment affirmed.*