## LEROY DONALD STOKES *v.* STATE OF MARYLAND

[No. 98, Initial Term, 1967.]

*Decided May 8, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and PROCTOR, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*Gerald A. Kroop,* with whom was *Milton B. Allen* on the brief, for appellant.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Robert C. Murphy, former Attorney General, R. Randolph Victor, Assisant Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *George Helinski, Deputy State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The Appellant, Leroy Donald Stokes, was convicted in the Criminal Court of Baltimore, in a non-jury trial, of violating the lottery laws.

In this appeal he contends that it was error to admit into evidence lottery slips obtained in a search of Appellant's automobile because the car searched was a different one than that described in the search warrant.

The warrant authorized the search of certain described premises, a red and white 1955 Chevrolet automobile bearing Maryland license FM 90-49 and the person of the Appellant. Pursuant to the warrant the police went to the vicinity of the described premises, observed the Appellant drive up in an automobile which he left for a short time and upon his return they approached him and showed him the warrant. The officers thereupon searched him and found "in his hand one non-conventional lottery slip showing 60 numbers indicating $15.00 in play." They then searched the automobile and "found 25 non-conventional lottery slips showing 1128 numbers and indicating $442.94 in play."

The Appellant contends that the admission into evidence of the slips found in the car constitutes error since the car searched was a 1959 model Chevrolet sedan rather than a 1955 model as described in the warrant. It was, however, registered in the Appellant's name and the license number was the same as that stated in the warrant. It is argued that under the provisions of Maryland Code, Article 27, Section 551 a "search warrant shall name or describe with reasonable particularity the individual, building, apartment, premises, place or thing to be searched." The Appellant contends that unless this particularity of description requirement is met, no valid search can be conducted of a "thing" not described in the warrant.

256

Assuming, without deciding, that the warrant did not authorize a search of the car being driven by the accused because it did not fit the description in the warrant, the search was, nevertheless, legal since the accused at the time of the search of the automobile was under lawful arrest. The right of the officers to apprehend the Appellant pursuant to the warrant and to search his person is not questioned by the Appellant. The finding by the arresting officers of a lottery slip in the Appellant's hand constitutes a misdemeanor being committed in their presence. *Braun v. State,* 230 Md. 82 (1962). The arrest of the Appellant therefore was lawful. *Knotts v. State,* 237 Md. 417, 421 (1965) ; *Bowler v. State,* 233 Md. 524 (1964). Where there has been a lawful arrest the officers may search the automobile under the control of the person arrested. *Johnson v. State,* 238 Md. 528, 539 (1965). Here there is no question that the automobile was under the Appellant's control for the officers saw him drive up, leave the car for a short time and return to it. We are of the opinion, therefore, that it was not error to admit the evidence obtained in the search of the Appellant's automobile.

Under any circumstances, the evidence found as a result of searching the person of the accused was sufficient, in itself, to justify the conviction.

*Judgment affirmed with costs.*