COMMONWEALTH *vs.* PERRY HERVEY, JR.

Suffolk.    December 10, 1973. — February 5, 1974.

Present: HALE, C.J., ROSE, GRANT, & ARMSTRONG, JJ.

*Identification.*

In proceedings for rape and other crimes, there was no error in denial of certain motions by the defendant based on the theory that a pre-trial identification of the defendant by the victim occurred in an improper confrontation between them at a police station and tainted an in-court identification of him by the victim where it was warrantably found by the judge hearing the motions that the police station confrontation "was not prearranged" but "was purely happen-chance," and that the in-court identification was based on the victim's observations of the defendant at the time of the crime and "was independent of the chance meeting ... at the police sta-tion." [728-729]

INDICTMENTS found and returned in the Superior Court on October 9, 1968, and June 4, 1969.

Certain motions described in the opinion were heard and denied by *Spring, J.*

*David F. Featherston, Jr.,* for the defendant.

*Angelo Morello,* Assistant District Attorney, for the Commonwealth.

HALE, C.J.    On July 2, 1969, the defendant was found guilty on three indictments charging breaking and entering with intent to commit rape, assault and battery with a dangerous weapon, and rape. Before sentence was imposed the defendant pleaded guilty to another indictment charg-ing breaking and entering with intent to commit larceny. On May 5, 1970, the defendant, represented by new counsel, filed a motion for a new trial on the first three of the above described indictments and a motion for leave to withdraw his plea of guilty on the fourth. After a hearing

the motions were denied; the cases are before us on the defendant's exceptions to those denials.[1]

The defendant argues that the motions should have been granted because of an impermissibly suggestive pretrial confrontation between the defendant and the rape victim (which took place at a police station) and because the Commonwealth did not establish "beyond a reasonable doubt" the independence of the victim's in-court identification of the defendant. We do not agree. The judge made and filed detailed findings, fully supported by the evidence, which reflect his careful consideration of the factors to be considered in determining the independence of an in-court identification from impermissibly suggestive pretrial procedures.[2] The judge found that on September 5, 1968, the victim was being taken by the police to the Municipal Court of the Roxbury District to identify the defendant. On their way to the court house they stopped at the police station to pick up another officer. While the victim was standing in the hallway talking to the officer she observed the defendant coming up a stairway with two other officers. She recognized the defendant as her assailant and so informed the police officers. The trial judge found that "the victim at no time had any knowledge that the one suspected of raping her was then in the police station," that the confrontation "was purely happen-chance and was not

---

[1] The cases were originally entered in the Supreme Judicial Court in March, 1970. They were remanded to the Superior Court after the motions were filed to permit that court to take action on those motions. After hearing the motions were denied, and the defendant's exceptions were recorded. On November 3, 1971, the cases were again remanded to the Superior Court to enable the Commonwealth to have included in the record findings of fact relative to the motions. At the request of the defendant a further evidentiary hearing was held on April 20, 1972. On May 10, 1972, the judge's written findings of fact were filed. The cases were subsequently transferred to this court pursuant to G. L. c. 211A, § 12, on October 1, 1973.

[2] In *United States* v. *Wade,* 388 U. S. 218, 241 (1967), the United States Supreme Court enumerated six such factors: "[T]he prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the lineup identification." See *Commonwealth* v. *Flaherty, ante,* 282, 287 (1973).

pre-arranged," and that the confrontation "was not sufficiently suggestive to affect her in-court identification." Findings such as these based on conflicting evidence are ordinarily conclusive. There was no error. *Commonwealth* v. *D'Ambra,* 357 Mass. 260, 262-263 (1970). *Commonwealth* v. *Leaster,* 362 Mass. 407, 410-411 (1972). *Allen* v. *Moore,* 453 F. 2d 970, 974 (1st Cir. 1972).

Under the circumstances presented here, the *per se* exclusionary rule established in *United States* v. *Wade,* 388 U. S. 218 (1967), and in *Gilbert* v. *California,* 388 U. S. 263 (1967), is inapplicable because (1) the confrontation was found to be accidental and (2) the confrontation occurred well before "the onset of formal prosecutorial proceedings." *Kirby* v. *Illinois,* 406 U. S. 682, 690 (1972). Accordingly, evidence of the identification made at the confrontation is admissible. *Commonwealth* v. *Leaster,* supra, at 411.

The judge further found that "the victim had more than adequate opportunity to observe the Defendant [during the commission of the crimes] and had ample capacity to remember what she observed." He also found "[t]hat the victim's in-court identification was based not on the confrontation at the police station but rather on her observations of the Defendant at the time of the rape" and "[t]hat the Commonwealth has proved beyond a reasonable doubt that the victim's in-court identification of the Defendant was independent of the chance meeting of the Defendant at the police station." Thus, even if we were to assume that the confrontation was other than accidental, we are of the opinion that the independence of the victim's in-court identification was clearly demonstrated. *Neil* v. *Biggers,* 409 U. S. 188, 193-201 (1972). *Commonwealth* v. *Cefalo,* 357 Mass. 255, 257-258 (1970). *Commonwealth* v. *Henley, ante,* 564, 566-567 (1973). *Commonwealth* v. *Cofield, ante,* 660, 666-667 (1974). Contrast *Commonwealth* v. *Guillory,* 356 Mass. 591 (1970); *Commonwealth* v. *Kazonis,* 356 Mass. 649, 653 (1970).

No other argument has been advanced with respect to

the exception to the denial of the defendant's motion for leave to withdraw his plea to the fourth indictment.

*Exceptions overruled.*