COMMONWEALTH *vs.* ELIJAH BRIMAGE. April 20, 1978. The defendant appeals from his convictions after a jury trial in the Superior Court on indictments charging him with armed robbery, entering a dwelling house being armed and with intent to commit a felony, assault and battery by means of a dangerous weapon, and unlawfully carrying a firearm. The facts and circumstances of this case are more fully recounted in our opinion in *Commonwealth* v. *Clark*, 5 Mass. App. Ct.

673 (1977). 1. In the first assignment of error which has been briefed and argued (Rule 1 : 13 of the Appeals Court, as amended, 3 Mass. App. Ct. 801 [1975]), the defendant challenges the judge's denial of his motion to suppress evidence relating to the victim's identification of the defendant because of an allegedly suggestive confrontation between the victim and the defendant which occurred in a police station soon after the robbery and beating in this case. The judge made and filed detailed findings, fully supported by the evidence, upon which he based his conclusion "that the confrontation was purely accidental and not prearranged; and that the confrontation was not sufficiently suggestive as to affect the in-court identification of the defendant." There was no error in the denial of the motion to suppress. See *Commonwealth* v. *D'Ambra*, 357 Mass. 260, 262-263 (1970); *Commonwealth* v. *Leaster*, 362 Mass. 407, 410-411 (1972), and cases cited; *Commonwealth* v. *Hervey*, 1 Mass. App. Ct. 727, 729 (1974); *Commonwealth* v. *Schlieff*, 5 Mass. App. Ct. 665, 670-671 (1977). 2. On the second day of trial the defendant failed to appear and was defaulted. The trial continued, with the defendant's attorney participating despite his client's absence. The remaining assignments of error address certain actions taken by the judge after the defendant had failed to appear. He specifically objects to (a) the judge's inquiry regarding his failure to appear and his allowance of limited testimony by the police as to their ignorance of his whereabouts, (b) the judge's failure to correct the argument of the prosecutor that a permissible inference might be drawn against the defendant due to his absence (see *Commonwealth* v. *Carita*, 356 Mass. 132, 140 [1969]), and (c) the judge's instructions to the jury that any inference that might be drawn against the defendant because of his disappearance could not be applied against the codefendants in the case. The judge had specifically warned the defendant, after he had failed to appear during the pretrial hearings, that he must be present "every minute" during trial. The record here warranted the conclusion that the defendant's subsequent failure to appear during trial was the result of his voluntary and unexcused action. The judge conducted the trial with as scrupulous a regard for the rights of all the defendants as was possible under the circumstances. Even if we were to assume that there was error in the actions complained of, there was no exception taken, and we need only consider whether there is a substantial risk of a miscarriage of justice. *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967). *Commonwealth* v. *Fields*, 371 Mass. 274, 277 (1976). We conclude that none exists. Any different conclusion would defeat the government's prerogative to proceed with a trial in circumstances such as the present. See *Taylor* v. *United States*, 414 U.S. 17, 20 (1973).

*Judgments affirmed.*

*Conrad W. Fisher* for the defendant.

*Michael J. Traft*, Special Assistant District Attorney (*Mark T. Anastasi*, Legal Assistant to the District Attorney, with him) for the Commonwealth.