COMMONWEALTH *vs.* JOHN M. PATCH. March 27, 1981. The defendant appeals from his conviction on an indictment charging rape. G. L. c. 265, § 22. The defendant claimed that the victim had consented to his advances. There was no error.

1. The judge gave a proper charge on rape and on consent. As there was no request for an instruction on reasonable mistake of fact or an objection to its omission, the issue is not properly before us (*Commonwealth* v. *Freeman,* 352 Mass. 556, 561-564 [1967]), and we perceive no risk of a miscarriage of justice.

2. The defendant properly does not argue error in the admission of evidence of his prior convictions (*Commonwealth* v. *Diaz,* 383 Mass. 73, 75-82 [1981]) but claims that the judge erred in deferring his limiting instructions to his charge. It was within the judge's discretion to do so. *Commonwealth* v. *Ferguson,* 365 Mass. 1, 11 (1974). *Commonwealth* v. *Conceicao,* 10 Mass. App. Ct. 613 (1980). The limiting instruction, as given, at one point used the no longer approved word "presumed," but the word was preceded and modified in context by the words "may be." See *Sandstrom* v. *Montana,* 442 U.S. 510, 517 (1979). (The present case was tried prior to the decision in *Sandstrom.*) Compare *Commonwealth* v. *Medina,* 380 Mass. 565, 577-578 (1980); *Commonwealth* v. *Hughes,* 380 Mass. 596, 602 (1980); *Commonwealth* v. *Fitzgerald,* 380 Mass. 840, 845 (1980). The charge plainly limited the use of the evidence to the defendant's credibility and left it to the jury to make their own determination of the value of the evidence. Compare *Hughes, supra* at 602-603.

3. The defendant had left the State for three months with knowledge that his trial was coming up and was defaulted in his absence. The judge properly left it to the jury to decide whether in those circumstances an inference of consciousness of guilt was justified. *Commonwealth* v. *Hogan,* 375 Mass. 406, 408-409 (1978). See also *Commonwealth* v. *Haney,* 358 Mass. 304, 306 (1970). The instruction would have benefited from the omission of a quotation from *Proverbs* 28:1. Nonetheless, the judge informed the jury that no inference need be drawn from the defendant's departure, as the innocent as well as the guilty may flee. The judge also went so far as to inform the jury twice that they had to be satisfied beyond

a reasonable doubt that the defendant's departure indicated a conscious-
ness of guilt. Compare *Commonwealth* v. *Annis*, 15 Gray 197, 201-202
(1860).

4. The victim's testimony in which she repeated her statement ("He's
going to kill me"), made at the scene to one of the defendant's companions
while the defendant was not within earshot, was properly admitted as
evidence of her state of mind. *Commonwealth* v. *Fiore*, 364 Mass. 819,
824 (1974). See *Commonwealth* v. *Dies*, 248 Mass. 482, 489 (1924). The
statement would also have been admissible as a spontaneous utterance.
*Commonwealth* v. *Boyajian*, 344 Mass. 44, 47 (1962). *Commonwealth*
v. *McLaughlin*, 364 Mass. 211, 223 (1973).

5. The defendant's claim of error in the exclusion of his question
concerning the victim's treatment for a psychiatric disorder is without
merit, as we note from the following page of the transcript that the ques-
tion, in somewhat different form, was asked and answered. *Com-
monwealth* v. *Hersey*, 324 Mass. 196, 202-203 (1949), overruled on other
grounds, *Commonwealth* v. *Niziolek*, 380 Mass. 513, 531 n.7 (1980).
*Commonwealth* v. *Crutchfield*, 6 Mass. App. Ct. 923 (1978).

*Judgment affirmed.*

*Hugh W. Samson* for the defendant.

*Robert M. Payton*, Assistant District Attorney, for the Common-
wealth.