554 A.2d 352

**Ernest Leon SORRELL**

**v.**

**STATE of Maryland.**

**No. 77, Sept. Term, 1987.**

Court of Appeals of Maryland.

March 7, 1989.

Arthur A. DeLano, Jr., Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Valerie J. Smith, Asst. Atty. Gen. (J. Joseph Curran, Jr., Asst. Atty. Gen., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS, BLACKWELL, JJ.

BLACKWELL, Judge.

When the jurors returned from lunch during the criminal trial of Ernest Leon Sorrell (Sorrell), Mr. Sorrell decided not to join them. We now consider whether the court properly instructed the jury that it might infer consciousness of guilt from the defendant's voluntary absence from a trial he was legally obligated to attend.

## I.

Sorrell was charged in the Circuit Court for Montgomery County with robbery, theft and battery. At trial on the morning of May 13, 1986, the State's first witness identified Sorrell as the person who assaulted and robbed him of his watch, money and apartment keys. The court then recessed for lunch at about 12:15, indicating that the trial would resume at 1:25 that afternoon.

When the court reconvened, Sorrell was not present; nor did he return at any time to the trial which lasted the rest of the day. Out of the presence of the jury, counsel represented to the court as follows:

Your Honor, as you can see, my client is not here. I don't know where he is. He went out, I understand. This is his mother sitting here, and she doesn't know where he is either. I would ask whether we could have a little bit of time to see if we can find out where he is.

At this time, the court took a recess in order to further the investigation of the defendant's whereabouts. Upon return, the defense counsel reported the following:

Your Honor, Mrs. Sorrell checked her home. She does have one son there. He is not at that home. I went down to the Sheriff's Office and looked in the men's room. He is not in either of those places, and as I indicated, he was supposed to meet her (his mother) for lunch and we don't know where he is.

So under those circumstances, your Honor, we, the defense, believe that prior to proceeding, that the court would have to make a finding that any absence is a voluntary absence on his part, and at this point, I am not in a position to say that that absence is voluntary.

The court made a finding that Sorrell's absence was not involuntary. The judge then proceeded without the defendant being present and informed the jury:

Ladies and gentlemen, I apologize for keeping you waiting back there past the time which I indicated we would start. We were waiting for the defendant to return from lunch. He has not, and under the circumstances, the trial will proceed without his presence.

At the conclusion of the evidence, and on the State's urging, the court gave the following jury instruction concerning the defendant's voluntary absence from the court proceedings:

I give you instruction that you are not bound to make any inference from but are entitled to under a term we call 'consciousness of guilt or flight.'

The intentional flight or concealment of a defendant immediately after the commission of a crime or after he is accused of the crime that has been committed is not sufficient in itself to establish guilt; however, you may consider such evidence as tending to show a consciousness of guilt on the part of the defendant.

You should consider such evidence, flight or concealment, along with all other evidence which has been presented and give it such weight as you feel it deserves.

Whether or not evidence of flight or concealment shows a consciousness of guilt and the significance to be attached to such evidence are matters which you alone are to decide.

Following the court's instructions, counsel made arguments to the jury, but did not mention Sorrell's absence. Sorrell was convicted on all three counts. At sentencing, Sorrell appeared and explained his absence as follows: "Yeah, I was scared because they locked me up the time before that for something I didn't do, so I figured the same thing [was] going to happen again, so lunch recess came, I left."

The Court of Special Appeals, in an unreported opinion, held the circuit court erred in giving the flight instruction, but affirmed the judgment on the basis that the error was harmless beyond a reasonable doubt. We granted certiorari and now affirm on the ground that the instruction was proper.

## II.

█ Evidence of flight following a crime has generally been held admissible to show consciousness of guilt in Maryland. *Hunt v. State*, 312 Md. 494, 508–09, 540 A.2d 1125, 1132 (1988); *Huffington v. State*, 295 Md. 1, 16, 452 A.2d 1211, 1218 (1982), *cert. denied*, 478 U.S. 1023, 106 S.Ct. 3315, 92 L.Ed.2d 745 (1986); *Tichnell v. State*, 287 Md. 695, 716–17 n. 11, 415 A.2d 830, 841 n. 11 (1980); *Jones v. State*, 242 Md. 323, 327, 219 A.2d 77, 79 (1966); *Davis v. State*, 237 Md. 97, 105, 205 A.2d 254, 259 (1964), *cert. denied*, 382 U.S. 945, 86 S.Ct. 402, 15 L.Ed.2d 354 (1965); *Smith v. State*, 233 Md. 430, 432, 197 A.2d 103, 103–04 (1964); *Westcoat v. State*, 231 Md. 364, 368, 190 A.2d 544, 546 (1963); *Tasco v. State*, 233 Md. 503, 509, 165 A.2d 456, 459 (1960), *cert. denied*, 365 U.S. 885, 81 S.Ct. 1036, 6 L.Ed.2d 195 (1961); *Clay v. State*, 211 Md. 577, 584–85, 128 A.2d 634, 638 (1957); *see generally* 6 L. McLain, *Maryland Evidence* § 801(4).2

at 311 & n. 9 (1987).[1] "Flight by itself is not sufficient to establish the guilt of the defendant, but is merely a circumstance to be considered with other factors as tending to show a consciousness of guilt and therefore guilt itself." 1 *Wharton's Criminal Evidence* § 214 at 450 (C. Torcia 13th ed. 1972). Moreover, while there may be evidence which weakens the inference of guilt implicit in flight, that evidence ordinarily "does not render the evidence of flight inadmissible, but is merely to be considered by the jury in weighing the effect of such flight." *Id.; see generally* Maryland State Bar Assoc., *Maryland Criminal Pattern Jury Instructions* 3:24 at 82 (1987) (providing instruction on flight or concealment of defendant); D. Aaronson, *Maryland Criminal Jury Instructions and Commentary* § 2.24 at 120–21 (2d ed. 1988).

The flight doctrine has been applied to a broad spectrum of behavior occurring after the commission of a crime: "flight from the scene or from one's usual haunts after the crime, assuming a false name, shaving off a beard, resisting arrest, attempting to bribe arresting officers, forfeiture of bond by failure to appear, escapes or attempted escapes from confinement, and attempts of the accused to take his own life." C. McCormick, *McCormick on Evidence* § 271 at 803 (E. Cleary 3rd ed. 1984) (footnotes omitted); *see* 2 J. Wigmore, *Evidence* § 276 at 122 (J. Chadbourn rev. 1979); *Wharton's Criminal Evidence* § 214 at 449–54. In these contexts, courts have addressed whether or not such evidence is admissible.

However where, as here, the jury has observed the defendant's failure to return to the courtroom for the remainder

---

1. Evidence showing that a defendant used a false name to conceal his identity following the commission of a crime may under some circumstances constitute relevant evidence on the issue of consciousness of guilt. *See Wright v. State,* 312 Md. 648, 654–55, 541 A.2d 988, 992 (1988); *Davis v. State,* 237 Md. 97, 105, 205 A.2d 254, 259 (1964), *cert. denied,* 382 U.S. 945, 86 S.Ct. 402, 15 L.Ed.2d 354 (1965); *Garrett v. State,* 59 Md.App. 97, 110–11, 474 A.2d 931, 937 (1984), *cert. denied,* 300 Md. 483, 479 A.2d 372 (1984).

of the trial, no question of admissibility of flight evidence is involved. Instead the court must consider how it will explain that absence.

▮ A court must first determine whether the defendant's absence is involuntary.[2] Where the absence is found to be voluntary, the judge may, in his discretion, continue with the trial. *See Barnett*, 307 Md. at 213, 512 A.2d at 1080–81 ("Obviously a trial court which has concluded that a defendant is voluntarily absent is not compelled to conduct a trial in absentia. The court has a discretion to postpone the trial while awaiting return on a bench warrant"). The State may avoid prejudice to its case by letting it be known that the defendant is not in its custody. Finally, the court, in its discretion, may instruct the jury with regard to defendant's absence.

▮ In considering defendant's absence at trial, some courts have held that the jury should either be told nothing or be instructed to draw no inference of guilt from the absence. *State v. Staples*, 354 A.2d 771, 778–79 (Me.1976); *cf. State v. Sayers*, 211 Neb. 555, 319 N.W.2d 438, 444 (1982) (upholding but not necessarily requiring instruction barring inference of guilt from flight). Other courts expressly permit such inferences as the jury finds appropriate. *See State v. Andrial*, 150 N.J.Super 198, 375 A.2d 292, 295 (1977), *aff'd*, 203 N.J.Super 1, 495 A.2d 878, 881 (1985); *Commonwealth v. Kane*, 19 Mass.App. 129, 472 N.E.2d

---

2. "The concern of the trial judge must be with whether the absent defendant has in fact voluntarily relinquished known rights involving presence at trial." *Barnett v. State*, 307 Md. 194, 213, 512 A.2d 1071, 1081 (1986); *cf.* Md.Rule 4–231(b) (establishing defendant's right to be present at trial); *Wildermuth v. State*, 310 Md. 496, 528–29, 530 A.2d 275, 291 (1987) (discussing common law and constitutional implications of defendant's presence at trial); *Bunch v. State*, 281 Md. 680, 683–84, 381 A.2d 1142, 1143–44 (1978) (also discussing implications of defendant's presence at trial). Verification that a party is not at home, not at work, and not in any local hospital may justify the conclusion that the absence is voluntary. *See generally Barnett*, 307 Md. 194, 512 A.2d 1071 (discussing efforts of a trial judge in attempting to discover reason for defendant's absence). In addition, familial observations and the length of the absence may be helpful.

1343, 1348–49 (1984), *cert. denied,* 394 Mass. 1101, 475 N.E.2d 401 (1985); *Commonwealth v. Patch,* 11 Mass.App. 981, 418 N.E.2d 344, 346 (1981); *State v. Tidmore,* 604 S.W.2d 879, 883 (Tenn.Crim.App.1980); *Skinner v. State,* 270 Ind. 52, 383 N.E.2d 307 (1978); *Commonwealth v. Brimage,* 6 Mass.App. 869, 374 N.E.2d 607, 608 (1978); *State v. Camino,* 118 Ariz. 89, 574 P.2d 1308, 1309–10 (1977); *People v. Snyder,* 56 Cal.App.3d 195, 199, 128 Cal.Rptr. 297, 299 (1976); *Bradberry v. State,* 238 Ga. 83, 230 S.E.2d 885, 885 (1976); *but see Commonwealth v. Babbs,* 346 Pa.Super. 498, 499 A.2d 1111, 1113–14 (1985) (holding flight instruction to be error where defendant was merely at home instead of at court).[3] Thus courts differ in evaluating the probative nature of evidence of absence at time of trial.

As previously stated, this Court has already held admissible evidence of flight in other contexts. We have left juries free to determine whether flight tends to reflect a consciousness of guilt under the circumstances. *See, e.g., Hunt,* 312 Md. at 509, 540 A.2d at 1132 ("it was for the jury to then decide whether [defendant's] flight related to the stolen car, to the murder, or to another unconnected reason.").

Having taken this stand, we see no error under the facts of this case in instructing the jury that it could consider defendant's absence in reaching its verdict. The contention that flight at trial may be generally less indicative of guilt than flight at other points in the criminal process goes to

---

**3.** Some of these courts restricted such an instruction to cases where flight had been established by more than unexplained absence. We note that in the instant case there was sufficient evidence to sustain the judge's finding of flight. Here, a criminal defendant under bond absented himself from trial, did so without explanation either through counsel or by personal notification, was not located after a conscientious investigation, failed to meet his mother for a scheduled lunch and was identified by an eyewitness shortly before the defendant absented himself from the courtroom. Under the facts here, we cannot say that the judge abused his discretion in characterizing the defendant's absence as flight to the jury.

the weight of the evidence, not to whether it was error for the jury to conduct the weighing process. Here, it was not inconsistent with Maryland law to allow the jury to determine whether consciousness of guilt of the instant crime or some other factor motivated the defendant's sudden departure.

Sorrell was obligated under his recognizance bond[4] and Md.Rule 4–231[5] to attend the trial. *See generally Pearson v. State,* 28 Md.App. 464, 347 A.2d 239 (1975) (discussing contempt of court in the context of flight during trial). When he voluntarily and knowingly absented himself,[6] the court made a reasonable inquiry, through counsel, as to his whereabouts before continuing with the case. Recognizing that the jury was aware of defendant's absence, the court

---

**4.** Md.Rule 4–217(f) states:
**Condition of Bail Bond.**—The condition of any bail bond taken pursuant to this Rule shall be that the defendant personally appear as required in any court in which the charges are pending, or in which a charging document may be filed based on the same acts or transactions, or to which the action may be transferred, removed, or if from the District Court, appealed, and that the bail bond shall continue in effect until discharged pursuant to section (j) of this Rule.

**5.** Rule 4–231. PRESENCE OF DEFENDANT
*(a) When Presence Required.*—A defendant shall be present at all times when required by the court. A corporation may be present by counsel.
*(b) Right to Be Present—Exceptions.*—A defendant is entitled to be present at a preliminary hearing and every stage of the trial, except (1) at a conference or argument on a question of law; (2) when a nolle prosequi or stet is entered pursuant to Rules 4–247 and 4–248; or (3) at a reduction of sentence pursuant to Rules 4–344 and 4–345.
*(c) Waiver of Right to Be Present.*—The right to be present under section (b) of this Rule is waived by a defendant:
(1) who is voluntarily absent after the proceeding has commenced, whether or not informed by the court of the right to remain; or
(2) who engages in conduct that justifies exclusion from the courtroom, or
(3) who, personally or through counsel, agrees to or acquiesces in being absent.

**6.** *See generally Barnett,* 307 Md. 194, 512 A.2d 1071 (discussing voluntary and knowing waiver of right to be present at trial).

**232**

did not commit error in informing the jury that it could consider that absence and give it "such weight" as was appropriate under the circumstances. We therefore affirm the defendant's conviction.

JUDGMENT AFFIRMED. COSTS TO BE PAID BY PETITIONER SORRELL.